Truscott agt. Dole.

## SUPREME COURT.

### Truscott agt. Dole.

The words " as the plaintiff is informed and believes," where they occurred in the complaint (sworn to), *Held*, to be redundant, and were stricken out.

Allegations in a pleading should be *positively* made, in order to prevent immaterial issues and confusion (*see* § 141 *of the Code, as to the form of a pleading*).

The allegation of a fact, positively, in a pleading never, of itself, indicated that the party was *personally* cognizant of it. There was the same reason for inferring that he stated it on information, that there was for supposing that it was stated upon personal knowledge.

The present statutory affidavit (*Code,* § 157) does not necessarily imply that it appears in the pleading what matters are stated on personal knowledge and what on information and belief.

The effect and true construction of the oath, is, that so far as the matters in the pleading are within the knowledge of the party, they are true, and as to the residue he is either informed or believes them to be true.

*Niagara Special Term, February* 1851. This was a motion to strike out of the complaint certain matter as redundant. The

main question is whether the complaint should contain a statement that the allegations are made on the *information* and *belief* of the plaintiff? The motion is to strike out such allegations, and others, as redundant.

Dyer Tillinghast, *for Plaintiff*

John Ganson, *for Defendant.*

Sill, Justice.—At common law it was never allowable to set forth in the pleading that any facts were stated upon information or belief. Such was not, originally, correct practice in drawing a bill in equity. It will be found that the English and American precedents at an early day, contained no statement of this kind.

As a mere pleading it is utterly immaterial whether the matters stated are, or are not, within the knowledge of the party. He has as good right to state matter upon information or belief, as the basis of his action, or defence, as he has, that which he knows to be true, and whether he does or not, is a circumstance never heeded on a trial.

The chapter of the Code relating to complaints, requires that such facts only as constitute the cause of action shall be stated; that, of course, excludes the unimportant statement as to their being within the pleader's personal knowledge.

The Code, as originally adopted, required the pleading to be verified by the party, his agent, or attorney, to the effect that he believed it to be true (*Code of* 1848, § 133). Under these provisions there can be no room for doubt that a statement, in the complaint, that the allegations in it were on information and belief, would have been held redundant.

The sole argument in favor of allowing these statements in the complaint, grows out of the amendment of the 133d section, above cited, which is the 157th of the Code, as amended in 1849. The section now requires, that in the affidavit, verifying a pleading, " the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated on his information or belief, and, as to those matters, he believes it to be true." It is supposed by the plaintiff's counsel, that this form of verification renders it indispensable that it should appear in the complaint, what matters are stated upon the knowledge

Truscott agt. Dole.

of the party, and what upon information or belief. This, it is said, is the form of the jurat prescribed by the late chancellor, and implies that the pleadings are to take a form to which it was adapted.

I shall have occasion to remark upon a difference between the affidavit under the Code and the chancellor's jurat; but, for the present, assuming that they are the same, there are several considerations which induce me to believe that the form of pleading was not designed to be changed by adopting section 157 in its present amended form. To give it this effect, it must be construed as amending, by implication, section 141, which prescribes the manner of framing a complaint.

The great and leading object of the Code was to provide a new mode and form of pleading. This is its leading feature. Its other provisions are subordinate to those relating to pleading, and are generally introduced with a view to adapt the practice to the new and improved mode of pleading. If the legislature had entertained the design of amending, or qualifying section 141, we should have expected it to do this directly, by changing the phraseology of that section; and we should not, if it can be avoided, work this effect constructively in giving interpretation to a section relating to a matter wholly subordinate to that of pleading, and comparatively of minor consideration.

The 128th section of the Code, as originally passed, provided that the answer should contain,

1st. A denial of the allegations of the complaint, or of any knowledge, sufficient to form a belief.

2d. A statement of new matter constituting a defence, &c.; but in neither subdivision was there any provision for a direct statement of new matter upon information or belief.

The first subdivision of this section was amended in 1849, providing that the denial of the allegations of the complaint might be made upon information and belief (§ 157). But this amendment was not extended to any other provision relating to the mode of pleading.

It appears that the legislature had before it the subject of permitting statements in pleadings upon information and belief, and provided for it in the particular instance stated. To introduce

it by construction into other parts of the statute governing plead ings, under the circumstances, seems inadmissible. Obviously, the amendment of section 157 was never intended to operate as a constructive amendment of section 141, and it should not be interpreted so as to work that result, if effect can be given to it in any other way.

The jurat prescribed by the chancellor was a *direction* to the officer who took the oath of the party, as to the form in which the party should be sworn. It was not an *affidavit*, but an official certificate that the bill, or answer, had been verbally verified in the mode required by the rule of the Court of Chancery. The certificate, of course, contained no more, nor less, than the rule prescribed.

But now the party signs the affidavit, and the ordinary oath, that its contents are true, is administered, and the common jurat is added by the officer. The statute says the matter which has been quoted from section 157 shall be in the affidavit, but not that this shall, as in the case of the chancellor's jurat, constitute the whole of it. If it be necessary to show any where what matters are stated in the complaint on the knowledge, or other-wise, of the party, it is competent to subjoin, to the other matters required by the act to be contained in the affidavit, a statement making the requisite explanation.

I am not, however, prepared to say that it is necessary that it should appear any where whether the averments in the plead-ings are upon the parties' own knowledge. No important results can flow from such a disclosure, except it be to furnish facilities for detecting and punishing perjury, if it should be committed in verifying pleadings. But such is not understood to have been the design of the amendment of 1849. As the Code was, the verification might be made either by the party, or the attorney, and the objects of the verification were frequently evaded, and its proposed benefits lost, on account of the loose and unguarded provisions of the act of 1848. The objects of the amendment are understood to have been to require the oath to be made by the party, unless some good reason was shown for receiving the verification of another person; and also to pre-scribe a form which would more effectually direct the attention

Truscott agt. Dole.

of the deponent to the matter which he was verifying, and thus more effectually awaken his conscience to the responsibility and solemnity of the duty he was performing.

I repeat that I can find no reason for supposing that the legislature had in view by the amendment the detection and punishment of perjury. At all events, no such object is accomplished by it. If the party is to show in the pleading itself what matters are stated on his personal knowledge, and what upon his information and belief, it is still optional with the pleader in which mode his allegations shall be made. He has as good a right to make allegations, of the truth of which he knows nothing, as those of which he has personal cognizance. He might even state those of the latter class upon belief, and under this view of the case, the pleading is equally good, and he could not be compelled to change it. The legislature, therefore, never supposed that a man of intelligence enough to be held responsible for the commission of crime, would state a falsehood as within his own knowledge, when it would answer his purposes equally to allege his belief of the fictitious averment.

I have, therefore, been unable to discover any practical efficacy that can arise from its being shown either in the pleading or affidavit, how far the party has personal knowledge of the facts alleged in the complaint (see Milliken agt. Carey, 5 *How. Pr. R.* 272).

The allegation of a fact, positively, in a pleading never, of itself, indicated that the party was personally cognizant of it. There was the same reason for inferring that he stated it on information that there was for supposing that it was stated upon personal knowledge. On this point the positive statement indicated nothing, and the ordinary oath that the pleading was true, was not construed (I speak of pleadings only) as an oath that the facts were within the pleader's personal knowledge. It was understood that the party could properly make the oath if the matter of fact was honestly stated upon information or belief. The verification of a plea in abatement under the former practice, is a familiar example of this kind (see 5 *Hill,* 611).

The necessity of introducing into a mere bill in equity, a statement that certain allegations were made on information and

belief, arose when the late chancellor required the party to swear that the matters were true " *of his own knowledge,*" except those stated *in the bill to be* on his information, &c. In this particular the present affidavit, under section 157, differs from the jurat in the late Court of Chancery, The words " to be," are now omitted, so that the present statutory affidavit does not necessarily imply that it appears in the pleading what matters are stated on personal knowledge, and what on information and belief. By a literal construction of the affidavit the party does not swear that what is positively stated in the pleading is on his own knowledge. The pleading may contain various allegations, all in form positively stated, yet, as has been said, this does not show whether they are, or are not, within the pleader's personal knowledge. A part may be upon information and belief. The effect and true construction of the oath, therefore, is that so far as the matters in the pleading are within his knowledge, they are true, and as to the residue he is either informed, or believes them to be true.

Thus in every pleading, by honest and conscientious men, good faith is secured, which I understand to be the object proposed to be achieved in requiring pleadings to be verified. In prescribing what shall be contained in the affidavit, the legislature have departed from the old form of the jurat in equity, in a particular which necessarily *changes its* import; for which I have been unable to discover any reason unless it is to adapt the verification to the form of pleading unquestionably prescribed by section 141. This change should not be permitted to create a constructive qualification and amendment of section 141, for, I think, full effect can be given to section 157 without its making this mischief.

Again, unless I am right in the view above taken, a different form must be used in pleadings that are verified from that used in those that are not verified. For this it can not be claimed there is any warrant in the Code.

The words, " as the plaintiff is informed and believes," where they occur in the complaint, are redundant and must be stricken out.

In the present case it is of very little consequence whether these words are stricken out, or retained. But I deem it an im-

portant question in pleading, in its general application, whether allegations are to be positively made, or upon information and belief. Through the inattention of pleaders, immaterial issues are presented and frequently made upon these statements, and confusion is the almost invariable fruit of this mode of pleading. I have, therefore, applied what I believe to be the true rule to the present case.

There are some other statements which the defendant moves to strike out as redundant. These, it is not seriously contended, should be retained, and do not, therefore, require special notice.

The motion is granted; but, as there is a slight error in the notice, in specifying a part of the redundant matter, it is without costs.

Note.—This case came from a highly respectable member of the Bar of Buffalo; with the information, that subsequent to the death of Judge Sill, he had learned that it was his original intention to have it published.

It will be read with interest, like all similar productions from that accomplished and lamented judge.