JOHN S. WOOSTER *v.* ASA M. BULLOCK.

*Pleading. Bankruptcy. Exemption. Attachment Lien.*

In assumpsit brought on November 5, defendant pleaded an adjudication of bankruptcy of December 7 following, and a discharge thereunder from all debts existing at the date of the adjudication provable under the bankrupt law, in which the plaintiff's was alleged to be included. Plaintiff replied that among the things attached were two horses kept and used for team work, and forage sufficient to keep them through one winter, that the state law providing that such property should be exempt from attachment, &c., did not extend to an attachment issued on a contract made on or before December 1, 1866, that the action was brought on such a contract, and that in the bankruptcy proceedings said horses and forage were set apart to defendant "as exempt under the bankrupt laws of the United States." Demurrer by defendant. *Held,* in the absence of an allegation that the

property was set apart as exempt under section 5055, Rev. Sts. U. S. because exempt under the state law, that it might be, consistently with the replication, that it was exempt under other exceptions of the same section, in which case the discharge would bar plaintiff's right to pursue the property ; and that, as pleadings were to be taken most strongly against the pleader, the replication was to be considered insufficient.

*Held,* also, that if the property were set apart to defendant under said section as being exempt under the state law, yet, as the language of that section was, that the conveyance to the assignee should "dissolve any attachment made within four months," &c., and moreover, as the property was personalty, and as the assignee, acting under the paramount law of the United States, must have had possession of it, and exercised control over it, to determine whether it answered the description of the statute and to set it apart to defendant, and so have interrupted the exclusive and continuous custody and control that the officer must have had, to keep the attachment in force, the lien thereby acquired must be considered as having been lost, so that plaintiff could not take a qualified judgment against the property.

ASSUMPSIT on a promissory note dated May 23, 1866. The writ was dated November 5, 1877, and was served on November 6. The defendant pleaded that he was adjudged a bankrupt on December 7, 1877, by the United States District Court for the District of Vermont ; that such proceedings were therein had that on September 5, 1878, he was discharged from all debts that existed at the date of said adjudication that were provable under the bankrupt law ; that the debt to the plaintiff was such a debt, and that it did not come within any of the exceptions of said law, of debts not discharged thereunder. The plaintiff replied that among the things attached were two horses, then used and kept by the defendant for team work, and forage sufficient to keep them through one winter ; that section 1, No. 39, Sts. 1866, whereby it was provided that such property should be exempt from attachment and levy of execution, did not extend to or affect any attachment issued on any contract made on or before December 1, 1866 ; that the action was brought on a contract made before that date, to wit, on May 23, 1866 ; that the defendant was adjudged a bankrupt, and obtained a discharge as alleged in the plea ; " that in the proceedings in bankruptcy . . . the said two horses and forage attached on the plaintiff's writ as aforesaid, were designated and set apart to and for the defendant, bankrupt, as exempt under the bankrupt laws of the United States " ; and that the plaintiff ought not to be barred from enforcing his lien thereon.

7

To that replication the defendant demurred. The court at the September Term, 1878, REDFIELD, J., presiding, adjudged the replication sufficient, and rendered a qualified judgment against the property, without cost; to which the defendant excepted. To the disallowance of cost, the plaintiff excepted.

*O. L. Hoyt* and *C. H. Pitkin*, for the plaintiff.

The property was liable to attachment on the plaintiff's process, but exempt from attachments by general creditors. Sts. 1866, No. 39, s. 1. The plaintiff's attachment created a valid specific lien thereon. *Downer* v. *Brackett*, 21 Vt. 599, and other cases. It did not pass to the assignee, but remained the absolute property of the defendant subject to any specific lien there might be thereon. Rev. Sts. U. S. ss. 5044, 5045; *Robinson* v. *Wilson*, 15 Kan. 595; In re Preston, 6 N. B. R. 545; *Fehley* v. *Barr*, 66 Pa. St. 196. The State court may enforce any specific lien thereon by a qualified judgment against the property. *Robinson* v. *Wilson, supra; Bush* v. *Lester*, 15 N. B. R. 36; *Second National Bank of Louisville* v. *State National Bank of Newark*, 11 N. B. R. 49; *Stoddard* v. *Locke*, 43 Vt. 574; *Stockwell* v. *Silloway*, 113 Mass. 382; *Bosworth* v. *Pomeroy*, 112 Mass. 293; *Bates* v. *Tappan*, 99 Mass. 376. A discharge in bankruptcy is a bar to proceedings *in personam* only, and not to a judgment *in rem* to enforce a specific lien. *Bosworth* v. *Pomeroy*, and *Bates* v. *Tappan, supra; Reed* v. *Bullington*, 11 N. B. R. 408; *Phelps* v. *Curtis*, 16 N. B. R. 85; In re *Reed*, 21 Vt. 635.

If that part of section 5045 which was enacted March 3, 1873, is to be construed to defeat this claim, it is unconstitutional.

The plaintiff is entitled to a judgment against the defendant for costs. The costs constitute an after-incurred liability, which is not affected by the discharge.

*S. C. Shurtleff*, for the defendant.

The assignee could set the property apart to the defendant under section 5045, Rev. Sts., U. S., divested of the plaintiff's attachment. In re *Jordan*, 8 N. B. R. 180; In re *Smith*, 8 N. B. R. 401; In re *Eavett*, 9 N. B. R. 90; In re *Preston*, 6 N. B. R.

545 ; In re *Owens*, 12 N. B. R. 518 ; In re *Kean*, 8 N. B. R. 367 ; In re *Smith*, 14 N. B. R. 295.

The statute in question is constitutional.

But its constitutionality is not necessarily in question. The plaintiff says the property was not exempt from attachment ; if that be so, then the title passed to the assignee, and the attachment was dissolved. Rev. Sts. U. S. ss. 5044, 5045.

There may be other creditors whose debts accrued as early as the plaintiff's. If so, the court of bankruptcy would order it divided among those entitled to it.

This court can render a qualified judgment against the property when there is an attachment or valid lien recognized by the bankrupt law ; but the plaintiff is not seeking here to enforce a secured claim or a vested right by getting a judgment. He is seeking to get a judgment that will change-a contingent right to an absolute one.

The replication is insufficient. It does not state that the property was set apart to the defendant under the state law, nor that it was not set apart under other provisions than those of the state law.

The question of costs is discretionary in case the defendant prevails. No judgment can be rendered against him. Gen. Sts. c. 125, s. 25.

The opinion of the court was delivered by

Ross, J. This action is on a witnessed promissory note dated May 23, 1866. The writ was served November 6, 1877. December 7, 1877, the defendant was adjudged a bankrupt, and in due and regular course of proceedings obtained his discharge September 5, 1878, which he pleads in bar of this suit, alleging that the plaintiff's debt was provable under the bankrupt act, and that it did not come within any of the exceptions mentioned in the bankrupt law as not discharged by the certificate of discharge. To this the plaintiff replies, that among the property attached on the writ were two horses used and kept for team work, and forage sufficient to keep the same through one winter ; that the state law exempting this property from attachment and levy of execution,

took effect December 1, 1866, and was not operative against debts contracted prior to that date ; that the defendant was adjudged a bankrupt, and obtained a discharge, as alleged in his plea ; and " that in the proceedings in bankruptcy . . . the said two horses and forage attached on the plaintiff's writ, as aforesaid, were designated and set apart to and for the defendant, bankrupt, as exempt under the bankrupt laws of the United States." The County Court adjudged the replication sufficient on demurrer, and rendered a qualified judgment against the property attached, without costs, to which the defendant excepted. To the disallowance of costs the plaintiff excepted. By the defendant's exception the sufficiency of the replication is brought under consideration. The allegation there made is, " that the two horses and forage attached, were designated and set apart to and for the defendant, bankrupt, as exempt under the bankrupt laws of the United States." There is no allegation that they were so set apart as exempt, because made so by the statute laws of the State, and so exempt by that provision of the bankrupt law which exempted to the bankrupt all property exempt by the state law as it existed in the year 1871. By section 5045, Rev. Sts. U. S., it is provided that there shall be excepted from the operation of the conveyance to the assignee, " the necessary household and kitchen furniture, and *such other articles and necessaries* " as the assignee shall designate and set apart, not exceeding in value the sum of five hundred dollars. There is nothing in the replication denying that the assignee set the two horses and forage apart to the bankrupt, as exempt under this provision of the bankrupt law. If so, it would be the clear intention of the bankrupt law that the discharge should be operative against the plaintiff's right to pursue the property thus set apart to the bankrupt. It may be said that it is not probable that the assignee set the two horses and forage apart to the defendant under this provision of the law, when the same section contains the further provision relative to exemptions under the State law, which would in specific terms cover this property. In passing upon the sufficiency of the replication, intendments are to be made against rather than in favor of the pleader, and as the replication does not allege that this property was set apart to the defendant

as exempt because it was exempt by the state law, no intendment to that effect is to be made in favor of the replication, and the County Court should have adjudged it insufficient on demurrer. To turn the decision of the case solely upon the sufficiency of the replication, when met by a demurrer, would fail fully to serve the ends of justice. When remanded to the County Court the plaintiff would probably amend his replication, alleging that this property was set apart to the defendant as exempt under the clause of section 5045, which exempts such property as was exempted by the laws of this State in 1871. The case would then present the question which has been mainly discussed in argument, whether, if so set apart, the plaintiff, under the facts shown, has the right to take a qualified judgment against this property. It is conceded by the plaintiff that the discharge in bankruptcy frees the defendant from all personal obligation to pay the plaintiff's debt, but he claims that he had obtained a lien on this property by reason of having attached it, and that inasmuch as the title to the property did not vest in the assignee, because exempt from attachment and levy of execution or liability to be taken in satisfaction of the bankrupt's debts, but remained in the defendant, the lien acquired by the attachment, though less than four months old at the time the proceedings in bankruptcy were commenced, was not dissolved thereby. The language of the bankrupt act is unqualified, that any attachment made within four months of the commencement of the proceedings shall thereby be dissolved. It is contended, however, that this relates to such attachments only as rest upon the property of the bankrupt which vests in the assignee. This may be conceded with reference to the homestead exemptions, or real estate which did not pass to the assignee. The attachment of such property being made by lodging a copy of the process at the office where the record of the title is required to be kept, does not require, in order that it may be kept on foot, that the officer making the attachment should take and continue to hold the actual potential possession and custody of the property. Neither would the control which the assignee is required to exercise over such property in order to set it out to the bankrupt as exempt, necessarily interfere with such attachment. It is, however, otherwise in re-

gard to personal property. In order to continue and maintain his attachment of personal property like that in controversy, the officer must constantly keep it in his custody and control, or his attachment is at an end. The provisions of the bankrupt law in regard to exempt property, and the powers and duties of the assignee thereby created in regard thereto, are of that character. that the assignee must have possession of it, and exercise more or less control over it. It is not all horses nor all forage owned by the bankrupt that are exempt from the operation of the law, but, when set apart to the bankrupt by that provision of the bankrupt law which adopts the exemptions created by the state law, only two such horses as were kept and used by the bankrupt for team work, not exceeding in value two hundred dollars, with forage sufficient for keeping the same through one winter. Whether the property answers the required description, and has the requisite characteristics, is to be determined by the assignee, in the first instance, but his decision is subject to revision by the court. It is to be designated and set apart to the bankrupt by the assignee. This implies that the assignee takes the custody of all the property of the bankrupt, and selects from it such as is exempt, and passes it over to the bankrupt. The United States law is paramount to the state law, and such necessary control and custody of the property by the assignee that he may be able to determine its character, and designate and set it apart as exempt, necessarily must interfere with the exclusive custody ·and control which the officer must continuously maintain, to keep the attachment in force. Hence, we think that the bankrupt law, when it says that the conveyance of the bankrupt's property to the assignee " shall dissolve any attachment made within four months next preceding the commencement of the bankruptcy proceedings ", means just what it says, and that the attachment in this suit on the property in question was dissolved. This conclusion is strengthened by the other provisions of the bankrupt law by which such liens as are recognized by it may be enforced in the bankruptcy proceedings. It is the manifest intention and purpose of the bankrupt law to seize upon all the property of the bankrupt, and pass it into the custody and control of the assignee, for him to select out therefrom and set apart to the

bankrupt such of it as by the law is exempt from the payment of his debts, and to convert such of it as can be appropriated to the payment of his debts into money to be distributed to his creditors *pro rata*, according to the provisions of the law. In re *Dillard*, 9 N. B. R. 8. It in terms continues in force such liens as the bankrupt had in good faith created upon any portion of it personally, and also those created by attachment which were of more than four months standing at the commencement of the proceedings. So far as any of his property was applicable to the payment of the bankrupt's debts, it is to be administered and applied to that end in the District Court. If it be conceded that the plaintiff had the right to have his debt satisfied out of the property in contention, other creditors might have the same right, and the plaintiff should not be allowed to pursue his right in the state court to the exclusion of such other creditors. Allowing the plaintiff thus to assert his right, brings the different provisions of the bankrupt law into irreconcilable conflict. The discharge frees the bankrupt from personal obligation to pay the plaintiff's debt, and the court has set apart to him certain property exempt from liability to be taken in payment of his debts. This it does upon the theory that it has taken all his property available under the law for the payment of his debts, and distributed the same *pro rata* among the creditors entitled to it. Yet, if the plaintiff's claim be allowed, he has the right to enforce payment of his debt —from the payment of which the defendant personally has been discharged—out of property which the assignee under the law has set apart to the defendant exempt from all liability to be taken for the payment of any of his debts, except only such liability as the bankrupt has personally created. Liens on personal property created by attachments of more than four months standing, are recognized as subsisting under the bankrupt law, and so enforceable in any proper proceeding: unless thus recognized and preserved by the express language of the statute, they are dissolved. This view of the law renders unnecessary the consideration of the other question so fully discussed on argument, and in regard to which the decisions are in conflict and nearly equally divided, relative to the constitutionality of that provision of the bankrupt

law which exempts the property of the bankrupt exempted by the laws of the several States as existing in 1871, from the payment of debts contracted before the passage of such exemption laws by the States, any decision of the state court to the contrary notwithstanding. It is usual for state courts to assume that a law of Congress, on a subject-matter over which by the Constitution Congress has jurisdiction, is constitutional until the contrary is clearly shown or declared by the Supreme Court of the United States. No such decision of the Supreme Court of the United States has, as yet, been announced, and the decisions of the United States Circuit Courts are in conflict in regard to it.

The judgment of the County Court is reversed ; the replication adjudged insufficient on demurrer ; and the defendant's plea in bar adjudged sufficient.