LAMOILLE COUNTY, AUGUST TERM, 1884.

[CONTINUED FROM PAGE, *ante*, 672.]

---

STATE EX. REL. C. A. ROBERTS *v.* J. E. McNAUGTON.*

*Quo Warranto. Turnpike Company.*

A turnpike company owned a mountain road of limited use, and two or three miles in length. Its capital was $5,000. The defendant claimed to have been elected president of the company, and acted as such. The complainant accepted the dividends on his stock. The office in contention was filled by annual elections. More than a year had elapsed before the hearing on the petition. A bill in chancery was pending in favor of the complainant to ascertain the income of the corporation. The defendant received a majority vote of the *actual* owners of the stock. The court refused to issue the writ of *quo warranto,* to oust the defendant. although, technically, there were some irregularities in the voting, but no fraud.

QUO WARRANTO. The petition was signed August 19, 1882. It alleged that the annual meeting was held on May 29, 1882, and that the defendant from that time, without legal right, exercised the office of president of the Peru Turnpike Company.

*Burton & Munson,* for the complainant.

*Baker & Howe,* for the defendant.

The opinion of the court was delivered by

REDFIELD, J. This is a petition for a writ of *quo warranto.* The validity of the defendant's election to the office of president of the Peru Turnpike Company, a corporation created by act of the legislature of this State, many years ago, and covers two or three miles of mountain road of limited use, with a capital of

---

*Heard, August Term, 1883.

$5000. The election of the officers of the corporation is annual; and the disputed election occurred in May, 1882. It does not seem, that the public are suffering from the fact that defendant is holding the office of president of this corporation ; and the petitioner has pending a suit in chancery, in the interest of the stockholders, which has progressed so far as to require an ac- counting before a master, of reasonable rents and profits. If there was irregularity in the election of the defendant, and in- ducting him into the office of president, the time has passed, when the stockholders have the opportunity to correct errors, and induct the proper man into the office of president. And it is not claimed that the complainant was elected by a majority of the stockholders, but by a small minority of the stock, if at all. So the complainant's right to the place is purely technical ; and he has not been elected by the majority of the stockholders, nor kept out by fraud or wrong. We are satisfied, also, on the evi- dence, that the defendant is the owner in fact of the Barnum stock, although the transfer to the defendant, on the books of the company was not in accordance with the requirements of the by-laws of the corporation, although the purchase of the stock by the defendant appears on the records of the company. Nor did Barnum dispute the right of the defendant to cast the vote on said stock, as he did. The complainant has also treated the defendant as president, by accepting and receipting dividends on his own stock, and the usual complimentary pass over the road. The vote cast by defendant on the Barnum stock was irregular, and technically, should have been excluded ; and we think that is true of some portion of the shares, on which the complainant voted. Many irregularities occur in the proceedings and records of these minor corporations ; but if they are conducted in accord with the wish of those who have the actual interest and owner- ship, when elections are frequent, and errors easily repaired, the public interest is not generally subserved in bringing irregular- ities into litigation.

" The writ of *quo warranto* is addressed to the judicial dis- cretion of the court. It may be allowed or denied, in considera-

47

Roberts *v*   c Naugton.

tion of the condition of the property and its owners, and its relation to the public." *State, ex. rel. Page,* v. *Smith,* 48 Vt. 266.

The capital of this corporation is $5,000, and embraces a turnpike road of some two or three miles in length; and from the nature and location of the property, it would be natural that irregularities might occur in the record title of the stock; and this we find true in this case, as to some of the stock voted upon by both parties. But when an election is fairly made, and officers chosen and inducted into office, by a majority vote of the *actual* owners of the stock, and acquiesced in by all parties, until the time of another annual election, we think this prerogative writ should not be issued to oust the incumbent, and turn the office over to one who has not a majority vote in his support.

The fact that the complainant has a suit in equity pending, and the matter is being heard before a master to ascertain the income and profits of the corporation, and the complainant is in the way to obtain his proper share of the profits of the corporation, is a reason, we think, why we should not interfere with either by this writ.

The result is, that the writ prayed for is refused, and the petition is dismissed with cost to the defendant.