## EDWARD POMEROY v. GUY O. KELTON.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 23, 1905.

### Quo Warranto—Misconduct of Petitioner.

A complaint for a *quo warranto* is addressed to the sound discretion of the Court, and it would be unbecoming for this Court to act on the complaint of a private relator, who stands as a wrongdoer in respect of the very thing in issue.

Where, on a complaint by a private relator for a *quo warranto* to try title to an office, for which relator and respondent were opposing candidates it appears that intoxicating liquor was, with some system and to considerable extent, furnished to voters at the election, while the polls were open, in the interest of the relator and through his connivance, the writ will be denied on the ground of public policy.

*Quo Warranto,* brought under V. S. Chap. 82, to the Supreme Court, Rutland County, May Term, 1905; and then heard upon the pleadings and evidence.

*O. M. Barber, E. H. O'Brien,* and *T. H. Brown* for the relator.

*Butler & Moloney* for the respondent.

HASELTON, J.   This is a complaint in the nature of a *quo warranto* brought by Edward Pomeroy against Guy O. Kelton, asking judgment of ouster of the said Kelton from the office of alderman from the 11th ward of the city of Rutland, and judgment that the complainant was lawfully elected to and is now entitled to hold said office and to exercise the functions thereof.   The election brought in review is that held in

Ward 11 of the city of Rutland on March 7, 1905, for the choice of an alderman and other officers.

At the election one hundred and sixteen votes for alderman were counted for the relator, Pomeroy, and one hundred and seventeen votes were counted for the defendant, Kelton, and the said Kelton was accordingly declared elected.

A large amount of evidence has been taken by which it is clearly established that at the election in question intoxicating liquor was, with some system and to a considerable extent, furnished to voters while the polls were open, and that this liquor was so furnished in the interest of the relator and through his connivance. This being so the relator does not come into Court with clean hands and the Court will not at the relator's instance inquire into the matters and things complained of by him.

The plying of voters with intoxicating liquors during voting hours, at any election, is contrary to the spirit of our constitution and laws and is manifestly obnoxious to public policy.

A complaint for a *quo warranto* is addressed to the sound discretion of the Court, and it would be unbecoming and demoralizing for this Court to act on the complaint of a private relator who stands as a wrong-doer in respect to the very thing in issue. The relator is asking the Court to aid him in securing an official position which he sought to obtain on election day by a course having a natural tendency to defeat the free and voluntary choice of the voters. For the Court to lend such aid would be a reproach to the law and to the administration thereof.

Had this complaint been preferred and prosecuted by the State's attorney for Rutland County other principles would be applicable, and the duty devolving upon the Court might be

different from that which we are now clearly bound to per-
form.   *State* v. *Harris*, 52 Vt. 216.

*The complaint is dismissed with costs.*