STATE EX REL. HERBERT W. BALLARD *v.* SELDEN C. GREENE.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Quo Warranto—Complaint—Sufficiency—Construction on De-murrer—Title of Relator—Averments on Information and Belief—Conclusions.*

On demurrer to a complaint seeking a *quo warranto*, where counsel on both sides treat the case as one where complainant has the burden of proof, though the office involved is a public one, the Court will so treat it.

Assuming that one who by *quo warranto* assails another's title to a public office must make out a case, the complaint must be suffi-ciently full and explicit to show that complainant has a case to establish; and the plea of *non usurpavit* is sufficient to put him to his proof.

Under P. S. 1972, a complaint seeking a *quo warranto* should posi-tively and with certainty allege the facts warranting the issue of the writ, agreeably to the rules of common-law pleading, and on demurrer should be construed against the pleader.

The charter of a city is a public act of which judicial notice will be taken.

While ordinarily, regardless of the form of the prayer, a complaint by the state's attorney, *virtute officii*, though on the relation of another, seeking a *quo warranto* is not bad because insufficiently pleading relator's title, for it is not necessary to allege his title at all as, under P. S. 1975, he will be ousted if he is shown to be without title, though relator fails to establish his title, yet, where the question of respondent's alleged usurpation of the office may depend wholly on the legality of relator's election, that election must be properly pleaded.

The rules of common-law pleading require that all essential facts be averred positively, and so the averment of such facts on informa-tion and belief is bad, regardless of whether the facts are within the pleader's personal knowledge.

Since a legal election is the sum of several facts, the naked averment that one was legally elected is the averment of a mere conclusion of law.

In a complaint seeking a *quo warranto*, the averment that respondent has usurped the office is bad, as usurpation may result from various causes, and respondent is entitled to know on what ground his right to the office is challenged.

Since now a *quo warranto* proceeding is civil in form as well as character, the complaint need not allege that the usurpation of office was against the peace and dignity of the State.

A general demurrer will not reach uncertainty or argumentativeness.

Though a complaint seeking a *quo warranto* is held bad on demurrer, it does not follow that it should be dismissed, the same liberality of amendment being indulged in such cases as in ordinary civil cases.

COMPLAINT seeking a *quo warranto,* brought to the Supreme Court for Franklin County at its May Term, 1913, and then heard on demurrer to the complaint. The opinion states the case.

*M. H. Alexander* for the relator.

*C. G. Austin & Sons* for the respondent.

POWERS, J.   This is a complaint seeking a *quo warranto* brought by the state's attorney of Franklin County, on the relation of Herbert W. Ballard. It is demurred to. It alleges that the respondent has usurped, and is now exercising the privileges of the office of mayor of the city of St. Albans, claiming to have been duly elected and of right entitled thereto; that, according to law and the charter of the city, an election for the choice of mayor, aldermen and ward officers was held in that city on the first Tuesday of March, 1913, and (on information and belief) that the relator was legally elected mayor, and is ready and entitled to be sworn as such and to assume the duties of the office; that notwithstanding the relator's protest, the respondent has taken the oath of office and assumed to exercise its functions. Though the office here involved is a public one, counsel on both sides treat the case as one wherein the burden of proof lies upon the complainant; and so we treat it in the same

way. Assuming, then, that one who assails another's title to a public office or franchise is required to make out a case, it logically follows that the allegations of his complaint must be sufficiently full and explicit to show that he has a case to establish, and that the plea *non usurpavit* is sufficient to put him to his proof. P. S. 1972 requires the complainant to set forth the facts warranting the issue of the writ. Such facts should be alleged positively and with certainty,—agreeably to the rules of common law pleading. *Clement* v. *Graham,* 78 Vt. 290, 63 Atl. 146.

The complaint, being met by a demurrer, is, of course, to be construed against the pleader, *Wooster* v. *Bullock,* 52 Vt. 48, and the charter of the city, being a public act, will be judicially noticed in considering the pleadings. *Atherton* v. *Essex Junction,* 83 Vt. 218, 74 Atl. 1118, 27 L. R. A. (N. S.) 695, Ann. Cas. 1912 A, 339.

One ground of demurrer specified is that the allegation of the relator's election is made only on information and belief; another is that it states only a conclusion of law.

Ordinarily, in a complaint by the state's attorney, *virtute officii,* though on the relation of another, this allegation, even if open to the objections specified, would not render the complaint demurrable if otherwise sufficient, for it is not necessary to set out the contestant's title at all. High Ex. Rem. §712. This is so because the respondent will be ousted if it is made to appear that he is without title, though the relator fails to establish his own title. This is plain enough from a reading of P. S. 1975, which provides that "judgment shall be rendered upon the right of the defendant and of the person so claimed to be entitled, or only upon the right of the defendant, as justice requires." See, also, High §713; *State* v. *Palmer,* 24 Wis. 63; *Simonton* v. *State,* 44 Fla. 289, 31 So. 821; and *State* v. *Harris,* 52 Vt. 216, wherein judgment of ouster was given, though it was not found that the contestant was elected.

Nor is this result affected by the form of the prayer, *State, ex rel.* v. *Mo. Pac. Ry. Co.,* (Mo.) 144 S. W. 1088, for the relief does not depend upon the prayer, *Canon City Labor Club* v. *People,* (Colo. App.) 121 P. 120, but upon the statute.

But the allegation here is that the respondent has usurped the office claiming to have been elected thereto; it does not, however, appear that the election under which he claims is the same

election under which the relator claims; for aught that appears, the respondent claims under an election at the annual meeting in 1912, and we take notice that by the terms of the city charter the mayor holds over until his successor is "duly elected and qualified." No. 293, Acts of 1910. So the question of usurpation here may depend wholly upon the legality of the relator's election. Hence the sufficiency of the allegation thereof must be considered.

It is one of the cardinal rules of common law pleading that all essential facts must be averred positively; and under this rule it is never allowable to set them forth on information and belief. *Truscott* v. *Dole,* 7 How. Pr. 221. Whether such facts are or are not within the personal knowledge of the pleader is quite immaterial. It was this very rule which was considered in *Clement* v. *Graham,* 78 Vt. 290, 63 Atl. 146, wherein it was held that a denial on information and belief was insufficient. The rule is precisely the same whether the pleading involved is a complaint or an answer. The averment must be unqualified, —though the fact be unknown to the pleader.

Equally serious is the objection that this allegation is a mere conclusion of law. A legal election is the sum of several facts. In this case it would, at least, include the fact that the relator was eligible to the office of mayor of the city of St. Albans,— which itself might depend upon more than one condition,—and the fact that he received a plurality (the charter so providing) of the legal votes cast therefor. See *Reynolds* v. *State,* 61 Ind. 392. This allegation, too, is insufficient.

The respondent further urges that the allegation of usurpation is likewise insufficient. The terms "usurp" and "usurpation" as used in these cases imply both an unlawful intrusion into and an unlawful exercise of the authority of the office in question. But usurpation may result from the ineligibility of the usurper, irregularity in his appointment, illegality of his election, forfeiture, failure to qualify as required by law, and perhaps other causes. The respondent is entitled to know on what ground his right to the office is challenged, and for this reason the allegation is fatally defective.

The respondent also objects that it is not alleged that the usurpation is against the peace and dignity of the state. In those jurisdictions adhering to the common law theory of these proceedings such an allegation is required. High, §711; *Don-*

7

*nelly* v. *People,* 11 Ill. 552, 52 Am. Dec. 459; *Nebraska* v. *Lock-wood,* 3 Wall. 236, 18 L. ed. 47. But it is generally held that the proceedings are wholly civil in character, and that the pleadings, both in form and substance, are governed by the rules applicable to ordinary civil actions. 32 Cyc. 1447; High, §710; 2 Spelling, §1847. It was said in *State* v. *Smith,* 48 Vt. 266, that such a proceeding is criminal in form but civil in nature. This was before the passage of the statute on the subject, (No. 74, Acts of 1876) since which time it has been regarded as civil in form as well as character.

The objections that the complaint is uncertain and argumentative will not be noticed, because it is not pointed out wherein these faults lie. *Webster* v. *State Mutual Fire Ins. Co.,* 81 Vt. 75, 69 Atl. 319.

It does not follow from the fact that the complaint is insufficient that it is to be dismissed, for the same liberality of amendment is indulged in these cases as in ordinary civil cases. 2 Spelling, §1856; *Com.* v. *Commercial Bank,* 28 Pa. St. 383, 32 Cyc. 1457.

*Demurrer sustained and complaint adjudged insufficient; let the complainant amend within ten days from the date of filing this opinion, if he so desires; otherwise, let the complaint be dismissed. In case the complainant amends, let the respondent answer within six days from the filing of the amended complaint, and let subsequent pleadings be filed within six days from each other; let the testimony be taken after issue joined on reasonable notice to the adverse party, all of which shall be filed on or before November 20, 1913;—the case remaining "with the court" for such further orders as may be required.*