STATE EX REL. MYRON A. TENNEY *v.* ALFRED E. WATSON ET AL.

May Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed July 12, 1922.

*Quo Warranto — Complaint — Verification — Demurrer — Sufficiency of Complaint—Pleadings Governed by Rules in Civil Actions—Judicial Notice—Time for Proceedings—Complaint Construed Against Pleader on Demurrer—Discretion of the Court—When Vacancy in Office Occurs.*

1. Where the averments of a complaint seeking a *quo warranto* were direct and positive in accordance with the rules of pleading, the fact that the verification recited that the relator made oath to the truth of the facts stated in the complaint "to the best of his knowledge and belief," did not make the complaint bad on demurrer on the ground that the averments were on information and belief, as the demurrer raised no question respecting the verification, and whether the complaint was properly verified, if verification was required, was beside the question.

2. Under G. L. 2249, where both parties have assumed that the burden of proof is upon the complainant, the allegations of the complaint must be sufficiently full and explicit to show that the complainant has a case to establish, and the plea of *non usurpavit* is sufficient to put him to his proof.

3. Though the proceeding of *quo warranto* is criminal in form, it is regarded as a civil remedy, and the pleadings are governed by the rules applicable to pleadings in ordinary civil actions.

4. The Court will take judicial notice of the statute on the claimed violation of which a complaint for *quo warranto* is based.

5. Proceedings to try title to a public office cannot be brought before the term of office commences.

6. On demurrer, a complaint is to be construed against the pleader, and no presumption will be indulged in his favor.

7. Where, under the provisions of G. L. 1196, as amended by No. 46 Acts of 1921, it is prescribed that the office of a school director shall become vacant if he neglects or refuses to have his own

account or the account of the board audited by the auditors of the school district, the complaint is fatally defective if it fails to allege that there was such a board of auditors qualified to act seasonably in the manner required by law.

8. The proceedings for a writ of *quo warranto* is addressed to the discretion of the Court, and may be denied on the ground of public policy or in consideration of general justice, all the circumstances being considered and the question determined from the standpoint of public interest.

9. G. L. 1196, as amended by No. 46 of the Acts of 1921, providing that, upon the neglect or refusal of a school director to have his account or the account of the board audited by the board of auditors of the school district, "his office shall become vacant, and shall be filled in the manner prescribed for filling vacancies in such office," is neither mandatory nor self-executing, and such neglect or refusal does not, of itself, render the office vacant, and the officers are not displaced until action is taken upon the matter by the town school district, or the selectmen in the interim, and the power of removal has been exercised by electing or appointing others in the manner provided by law.

COMPLAINT seeking a *quo warranto,* brought to the Supreme Court for Windsor County at its May Term, 1922, and there heard on demurrer to the complaint. The opinion states the case. *Complaint dismissed.*

*Roland E. Stevens* for the relator.

*Pingree & Pingree* and *Edwin L. Lawrence* for the defendants.

TAYLOR, J. This is a complaint praying for the issue of a writ of *quo warranto.* The complaint is preferred and prosecuted by the State's Attorney of Windsor County "in his own proper person and on the relation of Myron A. Tenney" of Hartford in said county. The relator is a taxpayer and voter of the town of Hartford, and the respondents claim to be, and are acting as, the school directors of the town school district of Hartford.

In substance the complaint charges that for several years prior to the 7th day of March, 1922, the respondents had been the duly elected school directors of the town district of Hartford; that from the time of their election to said 7th day of March each respectively had used, exercised, and enjoyed the rights, privileges, and franchises of such office, and have ever since been using, exercising, and enjoying the rights and privileges as school directors, and are now so doing, without any legal warrant, claim, or right; that notwithstanding their official positions as school directors the respondents did not prepare and submit to the auditors of the town of Hartford certain records, statements, reports, and recommendations, set forth at length in the complaint, in the manner and at the time prescribed by G. L. 1196 as amended by No. 46 of the Acts of 1921; that the respondents each neglected and refused to have his own account as school director, and the account of the board of directors, audited as required by said statute; that by reason of such neglect and refusal the office of each became vacant on, to wit, February 1, 1922; that because thereof the respondents, since February 1, 1922, have claimed to be school directors of the town school district of Hartford, and to use and enjoy all the rights, privileges, and franchises pertaining to the office, without warrant of law, and ever since their respective offices became vacant have been, and still are, usurping the rights and privileges thereof. Respecting the respondent Watson, it is further alleged that his term of office expires on July 1, 1922; that by reason of the pending expiration of his term of office he was a candidate for election at the annual meeting of the town on March 7, 1922; that, disregarding his neglect to comply with the statutes and his ineligibility for election, the voters elected him to the office of school director, and he, well knowing his ineligibility, accepted the election. The complaint further alleges that all of the respondents have accepted compensation for their services and neglect and refuse to return the same, although illegal, to the treasurer of the town district, contrary to the statute in such case made and provided. The prayer of the complaint is that the respondents be required to answer by what warrant they claim to hold the office and receive the emoluments thereof, that they be ousted therefrom, and that they return to the treasurer of the

town district all compensation received for their services, as the law requires.

[1]    The complaint is met by a demurrer, the principal ground of which is that the existence of a duly elected and qualified board of auditors of the town of Hartford during any of the time covered by the complaint is not alleged.    It is also a ground of demurrer that the averments are on information and belief, while several allegations are challenged as being mere conclusions of law.    The only warrant for the claim that the allegations of the complaint are on information and belief is found in the form of the verification.    The certificate of the magistrate recites that the relator made oath to the truth of the facts stated in the complaint "to the best of his knowledge and belief."    The objection raised is not well taken.    The averments of the complaint are direct and positive, agreeably to the rules of pleading.    See *State ex rel. Ballard* v. *Greene*, 87 Vt. 94, 88 Atl. 515.    The demurrer raises no question respecting the verification.    Whether the complaint is properly verified, if a verification is required, is beside the question.

[2, 3]    To ascertain the sufficiency of the complaint when challenged by demurrer reference must first be had to the statute respecting proceedings by *quo warranto*.    It is there provided that the complaint shall set forth "facts warranting the issue of the writ and the judgment sought thereon."    G. L. 2249.    Where, as in the case at bar, both parties have assumed that the burden of proof is upon the complainant, it has been held that the allegations of the complaint must be sufficiently full and explicit to show that the complainant has a case to establish, and that the plea *non usurpavit* is sufficient to put him to his proof.    *State ex rel. Ballard* v. *Greene, supra.*    It follows that such facts should be alleged as will make out a *prima facie* case for relief within the scope of the remedy by *quo warranto;* and the facts should be alleged in traversable form, statements which are mere conclusions of law being insufficient.    32 Cyc. 1448.    See *Clark* v. *Wild*, 85 Vt. 212, 219, 81 Atl. 536, Ann. Cas. 1914 C, 661; *State ex rel. Danforth* v. *Hunton*, 28 Vt. 594.    Though the proceeding is criminal in form, it is regarded as a civil remedy.    *State ex rel. Page* v. *Smith*, 48 Vt. 266, 282.    Hence, the pleadings in such an action are governed in general by the rules applicable to pleadings in ordinary civil actions.

[4]   In considering the pleadings, the statute on the claimed violation of which the complaint is based will be judicially noticed. *State ex rel. Ballard* v. *Greene, supra.* By G. L. 1196 as amended the board of school directors is required, on or before the first day of February annually, to prepare a record of the orders drawn by them for the year ending on the last day of January preceding, and also to prepare certain statements and reports respecting the schools of their district and a recommendation as to the amount of money necessary to be appropriated for . the use of the schools for the following school year. The board is required to submit such records, statements, reports, and recommendations to the town auditors who are required to audit the accounts of the board and include the substance of such record, statements, reports, and recommendations in their report to the town. It is further provided: ''A director who neglects or refuses to have his own account as director or the account of said board audited as herein provided, shall not receive compensation for his services, and his office shall become vacant and shall be filled in the manner prescribed for the filling of vacancies occurring in such office. Such a director shall be ineligible to election or appointment to such office for one year next ensuing.'' No. 46, Acts of 1921. It will be seen that the only theory upon which this complaint can be maintained is that the office has become vacant through the neglect or refusal of the individual director to have his own account as such, or that of the board of directors, audited by the town auditors.

[5]   So far as the eligibility of director Watson to re-election is concerned, the term of office has not yet commenced and he is not holding office by virtue of such election, but as part of the unexpired term to which he was duly elected. It is well settled that proceedings to try title to a public office cannot be brought before the term of office commences. 32 Cyc. 1432; High on Ex. Rem. §§ 619, 627, 641; *Stearns* v. *O'Dowd,* 78 N. H. 358, 101 Atl. 31. This being so, the allegations respecting Watson's ineligibility to hold office under his re-election,—that is, for the term beginning July 1, 1922,—are mere surplusage. So far as this case is concerned the respondents all stand alike.

[6, 7]   On the principal ground of demurrer the crucial question is whether the mere allegation that the respondents as school directors, ''each neglected and refused to have his own account as director and the account of said board audited as

provided in said section 1196 as amended,'' is sufficient to charge the respondents with misconduct such as disqualifies them from continuing in office.    On the one hand, it is argued that for the respondents to be guilty of having violated the provision in question it must be made to appear that there was a duly elected and qualified board of auditors to which such accounts could have been submitted for audit.    On the other hand, it is contended that the existence of such a board should be presumed, and that the want thereof would be a matter of defence.    But on demurrer the complaint is to be construed against the pleader. *State ex rel. Ballard* v. *Greene, supra.*    No presumption will be indulged in his favor.    Manifestly, the respondents would not be guilty of the misconduct denounced by the statute, nor subject themselves to its penalties, unless there was a board of auditors qualified to act, nor until they were given an opportunity by such board to submit their accounts.    To maintain the complaint it would be necessary to prove, not only that the required board of auditors had been provided, but that such board was ready to act seasonably and in the manner required by law; as to which see *St. George* v. *Tilley*, 87 Vt. 487, 89 Atl. 474.    It follows that the complaint is fatally defective in the respect claimed and the demurrer should be sustained.    In view of the disposition to be made of the case, it is unnecessary to consider other questions raised.

[8]    At the argument counsel asked leave to amend if the judgment on the demurrer was adverse.    Ordinarily such a motion would be granted as matter of discretion, if it appears that the defects in the complaint can be cured by amendment.    But our attention is called to certain phases of the case which are clearly beyond the reach of amendment.    The proceeding for a writ of *quo warranto* is addressed to the discretion of the Court, in the proper exercise of which rights, motives, and consequences must be taken into consideration.    The writ may be denied on the ground of public policy or in consideration of general justice, all the circumstances being considered and the question determined from the standpoint of public interest.    *State ex rel. Page* v. *Smith,* 48 Vt. 266; *State ex rel. Roberts* v. *McNaughton,* 56 Vt. 736; *State ex rel. Murry* v. *Mead,* 56 Vt. 353; *Pomeroy* v. *Kelton,* 78 Vt. 230, 62 Atl. 56; *Clark* v. *Wild,* 85 Vt. 212, 81 Atl. 536, Ann. Cas. 1914 C, 661; *State ex rel. Martin* v. *Foley,* 89 Vt. 193, 94 Atl. 841; *State ex rel. Turrill* v. *Hinsdale,* 95 Vt. 95, 112

Atl. 357; *State* v. *Fisher,* 28 Vt. 714. Thus, in the case last cited the writ was refused upon an application to oust a justice of the peace because he was also acting as postmaster in contravention of the Constitution, when no one claimed the office; and in *Pomeroy* v. *Kellon* the court declined to act on the complaint of a private relator who stood as a wrongdoer in respect of the very thing in issue. The rules which usually guide the discretion of the court in such cases have been stated thus: (1) The relator must not be a mere stranger or intermeddler; (2) he must not have concurred in the act of which he now complains; (3) unless there is fraud or intentional violation of law, it must appear that public or private interests will not be seriously affected by the ouster of the incumbent. Dillon on Mun. Cor. (5th ed.), § 1563, and cases there collected. In the case at bar no private right is involved. The relator shows no interest, other than that of a voter, and no attempt is made to show that the public interest would be served by granting the writ; indeed, the contrary fairly appears from what is alleged. In such circumstances, having regard for the public welfare, the Court would hesitate to oust from so important an office men of experience in the duties of the position for the cause complained of, when to do so would leave the office vacant. As it fairly appears that the situation in this respect would remain unchanged, it would serve no good purpose to delay the final determination of the case.

[9] Still another reason exists for dismissing the complaint. From what is alleged it is clear that the proceeding cannot be sustained in any event. The neglect or refusal complained of does not, of itself, determine the incumbency of the office and render it vacant. The language of the statute is, "His office shall become vacant and shall be filled in the manner prescribed for filling of vacancies occurring in such office." G. L. 1190 provides how vacancies in the board of school directors may be filled. The statute is not mandatory, nor is it self-executing. The misconduct alleged would furnish a cause for vacating the office, but it was evidently not the intention of the Legislature to create a vacancy in advance of action by the proper authorities. The officers, though in default, are not displaced until action is taken upon the matter by the town school district, or the selectmen in the interim, and the power of removal has been exercised by electing or appointing others. *Woodcock* v. *Bolster,* 35 Vt. 632, is full authority for this holding. In that case a

like construction was given to a statute which provided that the offices of a school district "shall be vacated" in certain circumstances by failure of the officers to maintain a school. As said in that case, this view of the statute is by no means a novel one. In many cases the word "void" in statutes has been construed to mean "voidable"; and the word "forfeit" or "forfeiture" is commonly construed to mean "cause of forfeiture." In such cases something remains to be done to give full effect to the statute. The language employed here does not require a different construction but fairly admits of that given to it, which saves the beneficial purpose of the enactment and avoids the manifest evils that might otherwise follow.

*Complaint dismissed with costs against the relator.*