STANLEY W. SLAYTON ET AL. *v.* TOWN OF RANDOLPH ET AL.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed October 6, 1936.

*Ernest E. Goodrich* for the petitioners.

*Philip A. Angell* and *Fenton, Wing & Morse* for the petitionees.

POWERS, C. J.　█　This is a petition for a writ of *quo warranto*, brought by certain residents of the town of Randolph against that town and certain of its officers. The purpose of it is to establish the illegality of the negative vote of the town at its last annual meeting on the questions of selling intoxicating liquors in the town during the ensuing year, and to have declared a correction of the announced result of such vote, in effect turn-

ing it into an affirmative vote. The petition is demurred to. It is, therefore, to be tested by the rules applicable to ordinary civil actions. *State* v. *Watson,* 96 Vt. 131, 134, 117 Atl. 663.

It appears that the meeting referred to was regularly called and held on the day appointed by law; that the warning therefor contained appropriate articles relative to the licensing of the sale of malt and spirituous liquors as required by No. 1 of the Acts of 1934. Before proceeding with the business of the meeting, the moderator announced that no one could vote on the liquor questions unless his poll tax was paid prior to February 15, 1936. Conforming their action to this ruling, these petitioners and others refrained from tendering their ballots on these questions, although they were qualified in all respects except this: Their poll taxes had not been paid. They were in favor of the granting of licenses for the sale of malt and spirituous liquors, and would have so voted. If their votes had been received, the result would have been reversed, and such licenses would have been authorized.

The basic merit of the petitioners' case depends wholly upon their claim that the votes of these delinquent taxpayers were illegally refused. If they are right about this, other questions raised by the demurrer will stand for consideration; but if they are wrong about it, such questions will require no attention. We therefore proceed at once to the consideration of this vital question.

The petitioners place much reliance upon *Martin* v. *Fullam,* 90 Vt. 163, 97 Atl. 442. That case involved the right of a delinquent taxpayer to vote under the referenda on the Primary Election Act, No. 4, Acts of 1915, and the Intoxicating Liquor Act, No. 171, Acts of 1915; and we there held that the payment of his taxes was not a prerequisite to the right of a voter, otherwise qualified, to cast his ballot on the questions submitted, because the vote thereon, though taken by towns, was in essence and effect a vote by the freemen of the State, in special freemen's meetings assembled. There the Legislature submitted to the voters questions of State-wide public policy, on which the votes of a town went into an aggregate that determined the results; and on which the vote of the smallest town in the State might control that result. But the case in hand is of an entirely different character. No general State policy is involved. The questions voted on are of local importance, only. The option

submitted by the Legislature is a local option. The Legislature left it to each town in the State to determine for itself whether the liquor law should be effective in it. It thus presents to each town a question of purely local policy. Each town speaks for itself and for no one else. The result in one town has no effect at all on any other town or the State at large.

■ ■ It is a canon of statutory construction that an act of the Legislature is to be given effect according to the intention of the lawgiver, which intention is to be determined by the language used when read in the light of the attending circumstances and the object sought to be attained. It seems plain to us that it was the manifest purpose of the Legislature to allow the towns in the State to speak on the liquor questions as towns, and to give expression to their option in "town meetings" as distinguished from "freemen's meetings." It necessarily follows that those whose votes are receivable must be persons qualified to vote in town meetings.

■ We hold that the moderator correctly applied the law and properly excluded those whose poll taxes had not been paid as required by the statute.

*Petition dismissed with costs.*