# COUNTY OF ORLEANS,

##### AT THE

## AUGUST TERM, 1869.

###### PRESENT:

Hon. JAMES BARRETT,
Hon. ASAHEL PECK,
Hon. WILLIAM C. WILSON,  } ASSISTANT JUDGES.
Hon. JOHN PROUT,

---

### STATE OF VERMONT v. R. H. LITTLE.

*Criminal Law. Intoxicating Liquor. Statute, ( Gen. Sts., ch. 31, § 63.) Appeal.*

The provision of the statute, (Gen. Sts., ch. 31, § 63,) that either party may appeal from the judgment of a justice, applies in the case of a judgment upon a plea of guilty in a criminal prosecution.

The opinion of the court was delivered by

BARRETT, J. The respondent was prosecuted in due form under the statute, by a town grand juror, before a justice of the peace, for selling, furnishing or giving away intoxicating liquors, on a given day. He was brought before the justice for trial, and thereupon pleaded guilty to ten offenses of furnishing, whereupon the justice adjudged him guilty of the crime charged, and sen-

tenced him to pay a fine of $100, and the costs taxed at $11.12, and stand committed till the same should be paid. From this judgment the respondent appealed, and perfected his appeal conformably to the requirements of the statute. The appeal was duly entered in the county court, whereupon a motion was filed to dismiss it, and it was dismissed by a *pro forma* judgment to that effect. The only question is whether the case was appealable. The objection is that the respondent pleaded guilty, and upon that plea the court rendered judgment and passed sentence. If he had pleaded not guilty, and had been found guilty, or if he had stood mute and been proved and found guilty, and judgment and sentence had been passed on him, it is not questioned that he had a right to appeal. The general provision of the law, (Gen. St., ch. 31, sec. 63,) is that *either party* may appeal from the *judgment* of a justice, without any limitation or condition, except as provided in section 70. This applies to criminal as well as civil causes. The *judgment*, in all that goes to constitute it as operative against the one party in favor of the other, is what is appealed from without regard to the mode by which the grounds of such judgment are established. In civil causes it is every day practice for the one party or the other to "give judgment and appeal," as the stereotyped phrase is, without any hearing or pleadings, and yet I think it never occurred to any one that the party thus yielding to the claim of the other side, and having a judgment recorded against him to that effect, was or could be precluded from his right of appeal. The reasons for taking such a course in a criminal prosecution, where the justice has concurrent jurisdiction with the county court, and the right of appeal is provided for, are just as numerous and just as cogent as in civil causes ; and it would seem difficult to assign a reason why there should be any difference in this respect between the two classes of cases. Section 16 of chapter 94, which provides specifically for appeals in prosecutions like the present, does not vary or restrict the general provision before referred to. It is special and peculiar only in providing the character and condition of the recognisance to be taken on granting the appeal. The fourth clause of section 70 of chapter 31 would seem to clearly imply that in all

criminal prosecutions the respondent might appeal unless he had been acquitted.

There is nothing in the theory or practice of allowing appeals that should require cases like the present to be exceptional. The government certainly is not prejudiced by this course ; for, as the respondent, if convicted on plea of not guilty, by force of the evidence, would be entitled to an appeal, which would vacate the judgment, if prosecuted, the government is as well off, by the respondent being allowed his appeal from a judgment rendered on a plea of guilty, without the expense and time and trouble of a formal and perhaps formidable and fruitless trial before the justice. And, by parity of reason, the respondent ought not to be compelled to subject himself to a similar burden, when he has resolved not to abide the judgment of the justice, or else lose his right to make his defense upon appeal to the county court.

The judgment of the county court is reversed, and the case remanded.

· *J. P. Sartle* and *George N. Dale*, for the respondent.

*J. B. Robinson*, state's attorney, for the state.