## VILLAGE OF WINOOSKI v. GOKEY.

*Municipal Corporation.  Public and Private Law.  Pleading.*

The charter of a village corporation is a public law, and need not be recited in pleading, as the court will take judicial notice thereof.

A village charter provided that the corporation might pass ordinances to suppress and restrain the use of billiard tables, and thereunder the corporation passed an ordinance, prohibiting the keeping of billiard tables in saloons, "for hire or public use," without license, recorded by the village clerk, under a penalty of $50. *Held,* that the charter conferred power to pass such ordinance.

Defendant kept billiard tables without such license, and it was *held* that the right of action accrued by virtue of the ordinance, and that the declaration should not allege that the offence was *contra formam statuti.*

*Held,* sufficient to describe the offence in the words of the ordinance.

The declaration alleged the date of the approval of the charter under which the ordinance was passed. *Held,* that an allegation of its title was unnecessary.

The declaration alleged that a meeting was "legally warned and held." On demurrer for that it did not set out the warning, *held,* that as the demurrer admitted that the meeting was legally warned, defendant could not question the legality of the warning.

In case, a declaration alleging facts under the *quod cum* with sufficient certainty to admit of a direct denial, *held* good on special demurrer.

CASE for violation of a village ordinance. The declaration, so far as material to be stated, was as follows :

For that whereas, at a meeting of the legal voters of the village of Winooski, legally warned and held in said village, on, &c., the said corporation passed by vote of said meeting an ordinance in the words and figures following, to wit: "An ordinance in relation to saloons. It is hereby ordained by the village of Winooski, as follows: Sec. 1. No person shall keep a billiard saloon wherein billiard tables are kept for hire or public use * * * until he shall have first obtained a license therefor from the trustees, signed by a majority of them, and recorded in the village clerk's office. * * * Sec. 5. Any person violating the provisions of this ordinance, shall forfeit and pay to said village the sum of fifty dollars." Which said ordinance was duly recorded in the office of the clerk of said village, on, &c., and has not been repealed nor revoked, and is in full force. And the said defendant well knowing said ordinance to be in force, at, &c., on, &c., did keep a billiard saloon, and therein did keep billiard tables to the number of two, for hire or public use, without first having obtained a license therefor from the trustees of said village, signed by a majority of them, and recorded in the village clerk's office, and contrary to the form, force, and provisions of said ordinance, and in violation of the same, and by reason of the neglect, omissions and violations of the said defendant hereinbefore stated, and by virtue of the provisions of an act of the General Assembly of the state of Vermont, approved November 19, 1866, and by virtue of the provisions of said ordinance, the defendant did forfeit to the said village, the sum of fifty dollars; and by means of the provisions of the act of the General Assembly aforesaid, and of the said ordinance, an action hath accrued to the said corporation, to have and recover of the said defendant the sum of fifty dollars, &c.

The defendant demurred specially, and assigned the following causes of demurrer.

1. The facts alleged are not set forth directly, distinctly, and positively, but by way of recital, and under a *whereas*. 2. The ordinance is not set forth directly and positively, but by way of recital. 3. The warning under which the ordinance was passed is not set forth as it should have been, in order that it might appear that the ordinance was legally enacted. 4. The allegation that the defendant "did keep billiard tables to the number of two, for hire or public use," is in the alternative, and therefore bad. 5. It is not alleged that the keeping of billiard tables was contrary to the form of the statute, &c., nor does the declaration so conclude. 6. The title of the act authorizing the enacting of

the ordinance, by virtue of which plaintiff claims defendant has forfeited the sum of fifty dollars, is not set forth. 7. The act is not set forth, as, being a private law, it should have been. 8. The "neglect, omissions, and violations" by reason of which the defendant is alleged to have forfeited the sum of fifty dollars, are not set forth. 9. There is no distinct and certain allegation of the time when nor the place where the defendant kept billiard tables to the number of two, for hire or public use.

The court, at the September Term, 1876, PIERPOINT, C. J., presiding, sustained the demurrer, *pro forma*, and adjudged the declaration insufficient; to which the plaintiff excepted.

*H. Ballard* ( *O. P. Ray* with him), for the plaintiff, cited Steph. Pl. 391, 431, n.; 1 Dillon Munic. Corp. 167, 393 *et seq.;* Sedgw. Stat. Law, 32, 33; *Commonwealth* v. *Springfield,* 10 Mass 9; *Briggs* v. *Whipple,* 7 Vt. 15; Cooley Const. Lim. 201, 202; *Johnson* v. *Philadelphia,* 60 Penn. State, 445; *Ash* v. *People,* 11 Mich. 347; *Carter* v. *Dow,* 16 Wis. 298; *Tenney* v. *Long,* 16 Wis. 566.

*R. H. Start,* for defendant, cited *Coffin* v. *Coffin,* 2 Mass. 358, 364; *Harker* v. *The Mayor,* 17 Wend. 199; *State* v. *Soragan,* 40 Vt. 450; *Coates* v. *The Mayor,* 7 Cow. 608; Potter Dwarris Sts. 52, 53; *Pearl* v. *Allen,* 2 Tyler. 311; *Herring* v. *Selding,* 2 Aik. 12; *Briggs* v. *Whipple,* 7 Vt. 15; 1 Chit. Pl. 236, 372; Steph. Pl. 387; *Reed* v. *Northfield,* 13 Pick 99; *Lee* v. *Clarke,* 2 East, 333; 1 Dillon Munic. Corp. ss. 250, 251, 263, 291 *et seq.; Kittsor* v. *The Mayor,* 26 Mich. 326; *State* v. *Clarke,* 14 Am. Rep. 472; *State* v. *Ferguson,* 33 N. H. 424; Angell & Ames Corp. s. 325; *Commonwealth* v. *Turner,* 1 Cush 493; *Commonwealth* v. *Stoddard,* 2 Cush. 568; *Johnson* v. *Philadelphia,* 60 Penn. State, 415; *Commonwealth* v. *Dow,* 10 Met. 382.

The opinion of the court was delivered by

ROYCE, J. The charter of the village of Winooski, which is made a part of the exceptions, is not set forth in the declaration, and is only referred to by stating the date of its approval. If the charter is to be regarded as a public law, the court will, *ex officio,* take notice of it, and the reference made is all that is required.

If the charter is to be regarded as a private law, the court will not, *ex officio*, take notice of it, and such parts of the charter as are material to the cause of action should be stated in the declaration, and the neglect to so state them, would be fatal on demurrer. It is frequently difficult to distinguish between a public and a private law. The definitions given by Blackstone are, that a public act is a universal rule that regards the whole community, and private acts are those that concern only a particular species, thing, or person ; as, acts relating to any particular place, or to divers towns or counties, or to a college or university. Applying the above definitions to this charter, it would, no doubt, have to be. regarded as a private act. But in this country the disposition has been to enlarge the limits of the class of public acts, and to treat all acts of a general character, or which in any way affect the community at large, although affecting only a particular locality, if they apply to all persons, as public acts. Sedgw.. Stat. and Const. Law, 25, and cases cited. Hence, it has been held that the establishment of towns and counties, and their boundaries, court-houses, jails, bridges, and ferries, are all matters of public policy, and acts relating to them, public acts. Judge DILLON, in his learned treatise on municipal corporations, vol. 1, page 167, says, that courts will judicially notice the charter or incorporating act of a municipal corporation, without being specially pleaded, not only when it is declared to be a public statute, but when it is public or general in its nature or purposes.

When the charter under consideration was accepted by a majority of the legal voters in the territory defined in it, it became binding upon all persons who then were or might thereafter become residents in said territory ; and we think it was so far public and general in its purposes and objects, as to make it a public act.

It is claimed that the ordinance that the defendant is charged with violating, was not authorized by the charter. The 11th sec. of the charter conferred upon the village the power to make, establish, alter, amend, or repeal ordinances, regulations, and by-laws, to suppress and restrain disorderly and gaming houses, billiard tables, and all descriptions of gaming ; and under this

section, the ordinance in question was passed. The corporation had no rights nor powers that were not expressly conferred by the charter, except such as were necessary to carry into effect the rights and powers that were granted ; and they might exercise all rights and powers that were within the fair intent and purpose of their creation, and were reasonably proper, to give effect to powers expressly granted.

The right and power given by the charter to suppress and restrain the use of billiard tables, gave the corporation the right to pass an ordinance imposing reasonable penalties upon those who used them without permission, and the term *license*, as it is used in said ordinance, means consent or permission ; and since an ordinance without a penalty would be nugatory, a corporation that has the power to pass the ordinance, has an implied power to provide for its enforcement by proper and reasonable fines against those who break it.

The causes of demurrer set down by the defendant, and which have been relied upon in argument, are none of them sustained. The two first are based upon the manner of stating the facts, and particularly the ordinance. All material facts must be stated in positive and direct terms, so as to admit of a direct negative, and these facts are so stated in this declaration.* The third cause, as far as the authority to pass the ordinance is concerned, has already been considered ; and the defendant cannot question the legality of the warning for the meeting at which the ordinance was passed, after admitting that the meeting was legally warned.

The fourth cause relates to the description of the offence, and it was sufficient to describe it in the language of the ordinance.

The fifth cause is that it is not averred nor alleged that the keeping of said billiard tables was contrary to the form of the statute. The right of action accrued under and by virtue of the ordinance set out in the declaration, and the act of the defendant was not *contra formam statuti*, and should not have been so alleged.

---

* It would seem that the use of the *quod cum* in this case was technically correct, as it introduced matter only by way of inducement. Bac. Ab. Pleas and Pleadings, (B) 4; Lawes Pl. [* 29] ; Steph. Pl. (9 Am. ed.) 387 n. (d).—REPORTER.

Village of Winooski *v.* Gokey.

The date of the approval of the act under which the ordinance was passed, is stated in the declaration, and this was sufficient, without stating the title of the act, as is claimed in the sixth cause. And we have already indicated the reasons why the 7th, 8th, and 9th alleged causes are not sustained. The judgment of the court sustaining the demurrer is reversed, and judgment that the declaration is sufficient, and that plaintiff recover $50 damages and costs.