EDWARD R. COLE & HENRY S. COLE, Copartners, *vs.* THE FIRE-ENGINE COMPANY IN EAST GREENWICH.

In 1797, the General Assembly of Rhode Island granted a charter to certain persons and all others who should by them be admitted as members, to buy and support a fire-engine, with the right to levy taxes on themselves, and on all of the inhabitants in the compact part of the town of E. In 1850, the charter was amended so as to make all persons not minors, who held a present freehold title to buildings within certain limits, members of the corporation, and so as to give to it power to levy, under certain conditions, taxes on all the buildings in those limits:

*Held*, that the corporation was a public or *quasi* municipal corporation.

*Held*, further, that the corporation being a public or *quasi* municipal one, the amendment to its charter took effect without acceptance by the corporation.

*Held*, further, that the court would take judicial cognizance of the acts of incorporation and amendment.

After judgment against the corporation, execution issued and the sheriff's return thereon stated a demand on the treasurer, his denial of funds in his hands, and the sheriff's inability to find property whereon to levy. An alternative writ of mandamus issued requiring the levy of a tax to pay the judgment. The corporation made a return to which the judgment creditor, the relator, demurred:

*Held*, on this demurrer, that a vague allegation by the corporation that it had property subject to levy could not avail against the sheriff's return.

*Held*, further, that the sheriff's demand on the treasurer was a sufficient demand on the corporation to require an exposure of its property, or a tax levy.

*Held*, further, that the court would presume the judgment debt to be one for whose payment the corporation might levy a tax.

*Held*, further, that the corporation should elect assessors if it had none. [?]

ALTERNATIVE WRIT OF MANDAMUS. On demurrer to the respondent's return to the writ.

*July* 27, 1878. DURFEE, C. J. On the 10th of May, 1875, Cole Brothers, the relators, recovered a judgment against the respondent corporation for $1,150 as debt or damages, and $93.35 costs. Execution issued thereon August 11, 1875. The sheriff charged with the service of the execution made return thereof as follows, to wit: " Kent, sc. East Greenwich, Sept. 30th, 1875 ; I have this day demanded payment of the within execution of Silas Weaver, the treasurer of the corporation, and he says he cannot pay because he has no funds of the corporation to pay with. I cannot find any property belonging to the corporation on which to levy this execution, and hereby return this execution wholly unsatisfied." Thereupon, the relators petitioned for a writ of mandamus to the respondent corporation, commanding it to assess and levy upon the ratable property of the corporation a tax sufficient to pay the judgment, and the same to collect and apply to the satisfaction thereof. The petition, in addition to the facts above recited, alleges that the respondent corporation " is a public corporation in its character and objects, and is what is known and called a *quasi* municipal corporation," and that " by an amendment to the original charter all tax-payers within a certain district are made members." Upon this petition the respondent corporation was cited to show cause why the prayer should not be granted. After a hearing thereon, an alternative writ of mandamus was issued to the corporation, commanding it to assess the tax and pay the judgment, or to appear and show why it should not. The corporation has accordingly made re-

turn to the writ, setting forth several grounds upon which it denies its liability. The relators demur to the return.

The respondent claims that it is not a public or *quasi* municipal but a private corporation. The charter was granted in 1797. Schedule, Session General Assembly, February, 1797, p. 31. It incorporated on their own petition certain named persons, " and all others who shall by them be admitted as members of their company," It created a close corporation, resembling the old English borough corporations rather than the ordinary municipal or *quasi* municipal corporations of this country. The object, however, was public, namely, the purchase and support of a fire-engine for protection against fire. And the company was invested with an important public franchise, namely, the right to assess and levy taxes not only on themselves, but also " on the whole of the inhabitants of the compact part of the town of East Greenwich, including Peirce Street." We think, therefore, the corporation, notwithstanding its peculiarity, must be regarded as a public or *quasi* municipal corporation.

The charter was amended October, 1850. Schedule, Session General Assembly, October, 1850, p. 26. By the amendment the corporation was enlarged so as to include every person twenty-one years of age or upwards having a freehold title, other than in reversion or remainder, to any building or part of any building within certain designated limits, and so as to empower the corporation by a majority vote at any legal meeting attended by at least thirteen members, to order taxes to be assessed on the buildings within said limits, for the purpose of purchasing, building, and keeping in repair suitable buildings, engines, wells, reservoirs, pumps, hose, and other apparatus. The respondent contends that this amendment, never having been legally accepted by the corporation, is ineffectual. But we think the amendment would go into effect without acceptance, the corporation being a public or *quasi* municipal corporation.

The respondent also claims, however, that inasmuch as the return sets up that the corporation is not a public but a private corporation, the allegation on demurrer is conclusive. We think otherwise. The question whether the corporation is public or private is a question of law, and if the acts granting and amending the charter are such that we can take judicial notice of them,

it is for us to determine the question independently of the return. We have come to the conclusion that we can take judicial notice of them. *Village of Winooski* v. *Gokey*, 49 Vt. 282; *Portsmouth Livery Co.* v. *Watson*, 10 Mass. 91; *Prell* v. *McDonald*, 7 Kan. 426; *Fauntleroy* v. *Hannibal*, 1 Dill. 118. We see no reason why the court should not, *ex suo motu*, take notice of any statute which delegates a portion of the sovereign power of the State wholly for public purposes. 1 Wharton on Evidence, § 294.

The respondent contends that the General Assembly had not the power to enact either the original charter or the amendment. It assigns no reason and cites no authority in support of this position. We do not think it is tenable.

The respondent alleges that the corporation has had property in East Greenwich ever since the judgment was rendered on which the execution might have been levied. It does not specify what, or of what value, the property is, nor does it deny the truth of the sheriff's return. We think so vague an allegation cannot avail against the return. The property may be of trifling value, or it may be held for the public purposes of the corporation, and so not be liable to seizure on execution. Gen. Stat. R. I. cap. 198, § 4, clause 13; Freeman on Executions, § 126.

The respondent alleges that no demand was ever made on the corporation to set out its property or to make an assessment. We think the demand of the sheriff on the treasurer was sufficient. It was the duty of the corporation, after judgment recovered, to provide means for its payment.

The respondent contends that the power given them to levy taxes is merely permissive; that it is given for certain purposes only, and that it does not appear that the judgment is founded upon any claim for the satisfaction of which a tax can be legally assessed. The respondent does not assert that the judgment is not, and we think the presumption is that it is, founded on some claim which the corporation has the power, express or implied, to satisfy by taxing its members, for we do not see how, except upon such a claim, the corporation could become liable to the judgment, and we think the power to tax, though permissive in form, creates, under the circumstances, a duty which can be enforced.

We also think the objection that there are no assessors is un-available. If the corporation has no assessors it is its duty to elect them.

The respondent presents other objections; but they are technical and formal rather than substantial, and are not such in our opinion as should be regarded by the court. Gen. Stat. R. I. cap. 199, § 4.                                      *Demurrer sustained.*