## STATE OF VERMONT v. WALTER MARTIN, APT.

OCTOBER TERM, 1895.

*Appeal from justice judgment does not vacate plea of guilty.*

If a respondent pleads guilty before a justice and then appeals from the judgment, the county court may in its discretion allow the respondent to withdraw such plea, or enter judgment upon the same.

Complaint for furnishing intoxicating liquor, brought before a justice of the peace. Before the justice the respondent plead guilty and appealed from the judgment to the county court. In that court he moved to withdraw his said plea. Heard upon such motion at the March term, 1895, Rutland county, THOMPSON, J., presiding. The court denied the motion and gave judgment and sentence on the plea. The respondent excepts.

*J. M. Slade* for the respondent.

The appeal vacated all the proceedings before the justice and the cause stood *de novo* in the county court. R. L., ss. 1673, 1676; Chitty Crim. Law 418.

The respondent's request for leave to replead should have been granted as a matter of course. *Wickwire* v. *State,* 19 Conn. 477; *People* v. *Richmond,* 57 Mich. 399; *State* v. *Stephen,* 71 Mo. 535.

*J. C. Jones,* state's attorney, for the state.

Whether a respondent shall have leave to withdraw his plea of guilty is discretionary with the court.   *Clark* v. *State*, 31 Atl. Rep. 979.

TAFT, J.   The respondent Martin was complained of before a justice of the peace for the unlawful sale of intoxicating liquors, pleaded guilty and took an appeal to the county court.   He there moved to withdraw his plea, and plead not guilty, and offered testimony to show that such had been the settled practice of the county courts for the last ten years and the settled practice of many of the courts.   The court excluded the testimony, denied the motion and rendered judgment of guilty on the plea.   The plea was upon the record before the court and as much a part of it as the complaint itself.   Whether the respondent should be permitted to withdraw it and plead anew, was a matter of discretion to be exercised by the county court.   The case of *State* v. *Little*, 42 Vt. 430, simply holds that a respondent after a plea of guilty before a justice of the peace is entitled to an appeal.   The question in this case did not arise in that.

*A majority of the court direct the judgment that there is no error in the proceedings and the respondent take nothing by his exceptions.*

A like case against John Sheridan, and a case against the respondent Martin for owning, keeping and possessing intoxicating liquors with intent to unlawfully sell them, were heard at the same time and are disposed of in like manner, for like reasons.

Munson, J., absent in county court.