JOSEPH OLSZEWSKI *vs.* ELLIS GOLDBERG.

Bristol.    October 26, 1915. — February 12, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Witness,* Impeachment. *Evidence,* Competency, Of criminal record. *Practice, Criminal,* Plea of *nolo contendere.*

A record of a conviction following a plea of *nolo contendere* cannot be used in another proceeding to affect the credibility as a witness of the person so convicted.

TORT for personal injuries received by the explosion of a dangerous article negligently included within a "prize package" sold to the plaintiff by the defendant. Writ dated November 3, 1913.

In the Superior Court the case was tried before *King*, J. The material facts are described in the opinion. There was a verdict for the plaintiff in the sum of $1,000. The defendant filed a motion for a new trial on the ground, among others, of newly discovered evidence as to a mistake in a record of conviction introduced by the plaintiff to affect the credibility of the defendant's witness Willis. The judge denied the motion, "being of the opinion that the record, even if it had been accurate as to the plea of the said Willis, and the action of the court thereon, would have been admissible in evidence for the purpose for which it was offered." The case was reported to this court with the stipulation of counsel that, if the ruling was wrong and the evidence was inadmissible in evidence, then the verdict was to be set aside and a new trial granted; otherwise, judgment was to be entered for the plaintiff upon the verdict.

*D. R. Radovsky & L. Goldberg*, for the defendant, submitted a brief.

*G. L. Ellsworth*, (*C. N. Serpa* with him,) for the plaintiff.

CARROLL, J. Ellis W. Willis was a witness for the defendant. To affect the credibility of the witness, a record showing his conviction upon a plea of guilty of the sale of an air gun to a minor was introduced. Later it was found that there was an error in the record, that Willis had been convicted on a plea of *nolo contendere*. There was a verdict for the plaintiff.

On a motion for a new trial by the defendant, the judge reported the case, stating that in his opinion "the record, even if it had been accurate as to the plea of the said Willis, and the action of the court thereon, would have been admissible in evidence for the purpose for which it was offered."

In *Commonwealth* v. *Tilton*, 8 Met. 232, 233, Shaw, C. J., said: "This plea (*nolo contendere*) like a demurrer, admits, for the purposes of the case, all the facts which are well stated, but it is not to be used as an admission elsewhere." Such a plea is in fact a confession, upon which, if accepted, the defendant may be sentenced, and so far as the procedure in the particular case is concerned, is equivalent to a plea of guilty. In this Commonwealth it is now settled that a conviction following a plea of *nolo contendere*, cannot be used in another proceeding to affect the credibility of a witness. It was not admissible in the case at bar.

*White* v. *Creamer,* 175 Mass. 567.   *Commonwealth* v. *Ingersoll,* 145 Mass. 381.   *Commonwealth* v. *Horton,* 9 Pick. 206.

According to the terms of the report, the verdict is to be set aside and a new trial granted.

· *So ordered.*