COMMONWEALTH *vs.* PAULINE MARINO.

Suffolk.    January 29, 1926. — February 23, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Pleading, Criminal,* Plea: nolo contendere, withdrawal; Appeal. *Evidence,* Court record, Best evidence, Presumptions and burden of proof.

The record of a district court, upon a complaint against a woman for keeping and exposing intoxicating liquors for sale unlawfully, recited that upon the reading of the complaint in open court, the defendant was asked by the court whether she was guilty or not guilty of the offence charged, and that she pleaded *nolo contendere,* which plea was accepted by the court; and that "It appears to said court that the said defendant, is guilty of the offence aforesaid." The defendant was sentenced and appealed to the Superior Court, where she filed a motion for leave to withdraw the plea of *nolo contendere* and plead, and filed an affidavit that the "plea of *nolo contendere* was entered in such case by her attorney and without her knowledge or consent." The docket in the Superior Court recited that the motions "after hearing were denied," and that the defendant was sentenced. Upon exceptions by the defendant, it was *held,* that

(1) The record in the District Court showed that the defendant pleaded personally, and it was conclusive against the facts recited in the motion and affidavit;

(2) Upon the record in the Superior Court, a contention by the defendant that the court denied the motion and petition without a hearing was not tenable;

(3) For the purposes of the case, the plea of *nolo contendere* was an

admission of guilt of the offence charged, and was equivalent to a plea of guilty;

(4) Whether the plea entered and accepted by the court could be withdrawn and a different plea entered, rested in the sound judicial discretion of the court: no abuse of discretion was shown;

(5) The plea was an admission of the allegations of the complaint, and, while the appeal to the Superior Court vacated the judgment, it did not entitle the defendant to a trial in that court; the only matter before the court was the imposition of sentence.

COMPLAINT, received and sworn to in the District Court of Chelsea on August 31, 1925, charging that the defendant on August 26 "did keep and expose certain intoxicating liquors with intent unlawfully to sell the same."

Proceedings in the District Court and on appeal in the Superior Court, are described in the opinion. The affidavit annexed to the motion in the Superior Court, was as follows: "Now comes the affiant, Pauline Marino, and on oath deposes and says that she is the defendant in a certain complaint brought in the District Court of the city of Chelsea, charging the affiant with keeping and exposing liquor for sale. That at the trial of said case before said District Court within and for the city of Chelsea, a plea of *nolo contendere* was entered in said case by her attorney and without her knowledge or consent. Your affiant further alleges and believes that she is not guilty of the charge alleged in said complaint; that at the most she was but present at the place where the criminal charge was said to have been committed, that she had no intent to keep and expose liquor for sale, nor did she offer liquor for sale or make a sale of liquor."

The docket of the Superior Court stated that the motions "after hearing were denied," and that the defendant was sentenced to one month in the common jail in Suffolk County, and that, pending the prosecution of her exceptions, the sentence was stayed.

The case was submitted on briefs.

*J. P. Walsh*, for the defendant.

*E. J. Harrigan*, Assistant District Attorney, for the Commonwealth.

CROSBY, J. The defendant was arrested on a complaint presented to the District Court of Chelsea, charging her with

keeping and exposing intoxicating liquor for sale. She entered a plea of *nolo contendere* and was sentenced upon her plea; and thereafter, she entered an appeal in the Superior Court. In that court she filed a motion for leave to withdraw her plea and to plead again to the charge. She also filed a petition praying that she be arraigned and allowed to plead anew. An affidavit, executed by her and to which she made oath that the recitals therein were true, accompanied the motion and petition. The motion and petition were denied, and the defendant excepted.

She contended that the plea of *nolo contendere* was entered by her attorney without her knowledge or consent. The record of the District Court recites that upon the reading of this complaint in open court, the defendant was asked by the court whether she was guilty or not guilty of the offence charged, and that she pleaded *nolo contendere* which plea was accepted by the court; and that "It appears to said court that the said defendant, is guilty of the offence aforesaid." On the record she personally pleaded. There is nothing in the record to show that the plea was entered by her attorney. The facts stated in the motion and petition contradict the record, which is conclusive and must stand.

The contention of the defendant that the court denied the motion and petition without a hearing is not tenable, as the record expressly recites that "after a hearing" they were denied.

For the purposes of the case the plea of *nolo contendere* is an admission of guilt of the offence charged, and is equivalent to a plea of guilty. *Commonwealth* v. *Tilton*, 8 Met. 232, 233. *Olszewski* v. *Goldberg*, 223 Mass. 27, 28.

Whether the plea entered and accepted by the court could be withdrawn and a different plea entered rested in the sound judicial discretion of the court. There is no doubt that if the plea is entered by mistake or by inadvertence, or by an attorney without authority, the court in its discretion may permit it to be withdrawn and allow the defendant to plead anew. *Commonwealth* v. *Winton*, 108 Mass. 485. *Commonwealth* v. *Crapo*, 212 Mass. 209.

There is nothing to show that the defendant offered to

testify at the hearing before the judge respecting the facts alleged in the affidavits. Without other evidence, the court was not required to believe the affidavits. *Commonwealth* v. *Crapo, supra.* The plea was an admission of the allegations of the complaint, and while the appeal to the Superior Court vacated the judgment, it did not entitle the defendant to a trial in that court; the only matter before the court was the imposition of sentence.

*Exceptions overruled.*