STATE OF VERMONT *v.* TEX PAGE.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 3, 1942.

328

*F. Elliott Barber, Jr.,* Town Agent of the Town of Brattleboro, for the State.

SHERBURNE, J.   This is a prosecution in two counts for violations of a certain ordinance of the Town of Brattleboro, the pertinent parts of which are set forth in the information as follows:

> "Be it ordained by the Selectmen of the Town of Brattleboro that it shall be unlawful for any person, dealer or keeper to operate or keep shops for the purpose of purchase, sale or barter of junk, old metals or second hand articles in said Town of Brattleboro, unless first licensed by the Board of Selectmen.
>
> That it shall be unlawful for any person to collect junk from place to place, or otherwise acquire junk, old metals or second hand articles, for the purpose of business, unless first licensed by the Board of Selectmen. * * *

Any dealer or keeper of shops for the purpose of sale, barter or exchange of junk, old metals or second hand articles in the Town of Brattleboro, and any person who collects junk from place to place or any person who otherwise acquires junk, old metals or second hand articles for the purpose of business, who operates without first being licensed by said Board of Selectmen shall be fined not more than $100.00 or imprisoned for not more than 60 days or both. \* \* \*

The foregoing ordinance and regulation shall take effect August 14, 1937.''

Count 1 charges that the respondent violated the provisions of the ordinance by operating and keeping shops ''for the purpose of purchase, sale or barter of junk, old metals or second-hand articles'' in the town of Brattleboro, without first being licensed therefor by the board of selectmen. Count 2 charges that the respondent violated the provisions of the ordinance ''in that he did collect junk from place to place, or otherwise acquire junk, old metals or secondhand articles for the purpose of business, to wit, the acquisition of paper waste, so-called, from F. W. Woolworth Co. store in Brattleboro'', without first being licensed therefor by the board of selectmen.

The bill of exceptions recites that the cause came on for hearing on September 16, 1941, after a previous continuance, at which time the respondent withdrew his previous plea of ''not guilty'' and entered a plea of ''nolo contendere''. The court of its own motion ordered the plea of ''nolo'' stricken from the record and dismissed the information, to all of which the State excepted. The case comes here upon such exceptions before final judgment.

The respondent appeared *per se* below, and did not appear nor file any brief in this Court. The record does not show that the lower court gave any ground for its decision. Error must be made to appear. Hence the decision of the lower court will be affirmed on any legal grounds shown by the record, whether briefed or not. *Meyette* v. *Canadian Pac. Ry. Co.*, 110 Vt. 345, 355, 6 Atl. 2d. 33; *Duchaine* v. *Phoenix*, 100 Vt. 112,

135 Atl. 715; *Simpson* v. *Central Vt. Ry. Co.,* 95 Vt. 388, 394, 115 Atl. 299; *Wood* v. *James,* 93 Vt. 36, 42, 106 Atl. 566.

The State makes no claim that the power of the selectmen to adopt the ordinance is conferred other than by the provisions of section 4 of No. 161 of the Acts of 1927. This section, so far as material, provides as follows:

> "Sec. 4. The Town of Brattleboro may exercise the following powers and functions in addition to those already conferred upon it by law:
>
> (a) To establish and maintain a police department, * * *
>
> (b) To establish for the purpose of regulation or revenue a system of licenses and fix the fees therefor."

Paragraphs (c), (d), (e), (f), (g), (h), and (i) have to do with a fire department, sewers, lighting and laying dust on highways and bridges, an electric light or gas system, parks and play grounds, collection and disposition of garbage, and the municipal water system.

> "(j) The selectmen of said town shall have the power to make, establish, alter, amend or repeal ordinances, regulations and by-laws * * * for the following purposes: and to inflict penalties for the breach thereof. * * *
>
> 8. To compel the cleaning and repair of any premises when in such condition as to seriously impair the general appearance of the town and to be seriously injurious to other property in the vicinity and to control the removal of rubbish, waste and objectionable material therefrom.
>
> 18. To regulate and license the storing of old iron, rags, junk and waste material and to prohibit the storing thereof in such sections of the town as the selectmen may deem reasonable."

The State admits that the only express authority to enact ordinances and inflict penalties is held by the selectmen under paragraph (j), and says that there is an ambiguity in the delegating statute because by paragraph (b) the town, rather than the selectmen, has a blanket authority to act thereunder. It is pointed out that, if this function is to be exercised by the voters of the town, they have no authority to provide for fines or penalties for the violation of ordinances passed pursuant thereto, so that construed in this light this paragraph would confer no authority at all on the town. On the other hand by paragraph (j) the selectmen have express authority to pass ordinances relating to 21 specific subjects, but these do not include any such broad delegation of authority as that contained in paragraph (b). Hence, it is claimed that the Legislature must have intended that this power should also be exercised by the selectmen. It appears that the ambiguity resulted from the consolidation of the former village of Brattleboro with the town, and the drafting of a charter giving the town powers formerly exercised by the village. Sufficient care was not exercised in bringing this about.

■■ As said in *Whiting Co. et al.* v. *City of Burlington,* 106 Vt. 446, 461, 175 Atl. 35, 42: ''The general rule is that the charter of a municipal corporation is to be strictly construed against it; the presumption being that the Legislature granted in clear and unmistakable terms all that it intended to grant. * * * 'The rule governing the construction of such grants is thus stated in the cases: ''Every reasonable doubt is to be resolved adversely. Nothing is to be taken as conceded but what is given in unmistakable terms, or by an implication equally clear. The affirmative must be shown. Silence is negation, and doubt is fatal to the claim. This doctrine is vital to the public welfare.'' * * * ''Nothing passes but what is granted in clear and explicit terms. * * * Whatever is not unequivocally granted in such acts is taken to have been withheld.'' * * *' ''

■ Applying this rule, we are unable to say that the Legislature intended that the selectmen should exercise the powers conferred upon the town by paragraph (b). The location of this paragraph in relation to paragraphs (a) to (i), many of whose provisions are plainly such as to require authorization by the voters, if to be exercised, seems to indicate the contrary.

■ It is next contended that under the provisions of sub-section 18, as the selectmen had authority to regulate and license the storing of junk and to prohibit the storing thereof in such sections of the town as they may deem reasonable, they had authority to regulate and license the keeping of a shop for the storing of junk for the purpose of business, since the ordinance on this phase exercises a lesser authority than is authorized by the statute. The trouble with this contention is that the ordinance says nothing about the storage of junk, but is confined to shops where junk is dealt in, where the amount actually stored may be trivial. The ordinance is plainly aimed at the business of dealing in junk rather than its storage, whereas the statute seems to be aimed at the unsightly and otherwise objectionable features resulting from such storage, which do not usually result when kept inside a shop.

■ Next it is claimed that sub-section 8 gives the selectmen the power to regulate and license the collection from place to place of junk or other acquisition of junk for the purpose of business, because it is also a lesser authority than conferred by the statute. Here the statute merely refers to the cleaning and repair of premises when in such condition as to seriously impair the appearance of the town and to be seriously injurious to other property, and gives the selectmen power to control the removal of rubbish, waste and objectionable material only from such premises when in such condition. It says nothing about the collection of junk generally.

■ Using the above quoted rule from the *Whiting Co.* case we are unable to so construe sub-sections 8 and 18 as to authorize the ordinance, or any part thereof, and hold that it is wholly invalid and void.

■ Because the information is based upon an invalid ordinance it is unnecessary to determine if the use of the disjunctive form therein renders it defective. See *State* v. *Rouillard,* 107 Vt. 487, 180 Atl. 890.

■ The State contends that on the plea of ''nolo'' questions relating to the validity of the ordinance were not before the court. The court, in its discretion, could have allowed the respondent to withdraw his plea. *State* v. *Martin,* 68 Vt. 91, 34 Atl. 40. Had the respondent asked and obtained leave to with-

draw his plea, he could have demurred to, or moved to dismiss, the information, because based upon an invalid ordinance, and, as the charter of the town of Brattleboro, being a public act, could be judicially noticed in considering the sufficiency of the information, *State ex rel. Ballard* v. *Greene,* 87 Vt. 94, 96, 88 Atl. 515; *Atherton* v. *Village of Essex Junction,* 83 Vt. 218, 221, 74 Atl. 1118, 27 L. R. A. (N. S.) 695, Ann. Cas. 1912A 339; *Village of Winooski* v. *Gokey,* 49 Vt. 282, the court could have sustained such demurrer or granted such motion. Whatever could be done upon the respondent's motion along this line could be done upon the court's own motion. The respondent was without counsel, and the court is to be commended for shielding him from the consequences of an illegal prosecution.

*The judgment dismissing the information is affirmed, and the respondent is discharged.*