STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EUGENE POMETTI, KNOWN AS EUGENE LAMONT, DEFENDANT-APPELLANT.

Argued May 25, 1953—Decided June 8, 1953.

*Mr. Frank A. Palmieri* argued the cause for appellant.

*Mr. Donald G. Collester*, County Prosecutor, argued the cause for the State.

The opinion of the court was delivered by

HEHER, J. We are concerned here with the adverse action taken by the Passaic County Court on defendant's motion, before judgment, for leave to withdraw his pleas of *"nolo contendere"* to two indictments severally charging conspiracy to commit an abortion.

There were three indictments in all returned by the grand jury, alleging separate and distinct conspiracies by defendant and two others to commit abortions upon different women, all in the month of August 1951.

On December 6, 1951 defendant entered pleas of "not guilty" to all three indictments, and the later trial of one of the indictments resulted in a verdict of "guilty" on April 2, 1952. On April 22 ensuing, before sentence thereon, defendant was given leave to withdraw his pleas of not guilty and to plead *nolo contendere* to the remaining indictments; and pleas were entered accordingly. On the day finally fixed for sentence, May 16 following, when refused assurances that he would be sentenced on all three indictments as for one offense, defendant asked for permission to withdraw his pleas of *nolo contendere* and to restore his pleas of not guilty to the two indictments now in question. The motion was denied, and thereupon he was sentenced on the three indictments, severally, to imprisonment for a minimum term of two years and a maximum term of three years, to run consecutively, and to pay a fine of $1,000.

The judgments entered on the pleas of *nolo contendere* were affirmed by the Appellate Division (23 *N. J. Super.* 516 (1952)); and defendant thereupon appealed to this court.

The State moved to dismiss the appeal as not allowable of right under *Article VI, Section V, paragraph* 1 of the *State Constitution of* 1947 and the complementary *Rule* 1:2–1 of this court, and the determination of that question was reserved until the final argument of the cause.

The Constitution provides, *paragraph* 1(*a*), for appeals of right in causes determined by the Appellate Division of the Superior Court "involving a question arising under the Constitution of the United States or this State." It is insisted that in the course taken here "the doctrine of fair play was violated," and defendant "was denied a basic and fundamental constitutional right and was not accorded due process of law as guaranteed to him by both federal and state constitutions"; also, that defendant was "deceived into" tendering the pleas of *nolo contendere* and thereby "waiving" the "public trial by jury" secured to all accused of crime by *Article* I, *paragraph* 10 of the *State Constitution,* and there was an arbitrary refusal to inquire into "what actually

occurred before sentence to impel the defendant" to move for leave to withdraw the pleas.

An appeal is maintainable as of right under the particular clause of the Constitution only where the record reveals a substantial and not a merely colorable question arising under the Federal or State Constitution that has not been the subject of a conclusive judicial determination. It is sufficient if there be a real and substantial controversy as to whether there has been full recognition of a right, privilege, or immunity granted by the Constitution, Federal or State, to the accused in a criminal case. The assertion of a denial of due process will sustain the appeal unless the claim is palpably insubstantial, *i. e.*, plainly and unmistakably devoid of merit.

Although we find that defendant has not been deprived of a constitutional right, the contention of a denial of the basic right of trial by jury is in the circumstances sufficiently arguable to sustain the appeal as against the motion to dismiss for want of jurisdiction.

On an *ex parte* presentation to Judge Hinchliffe in chambers, prior to the opening of court on the day of sentence (there was no notice to the prosecutor), counsel was refused assurance that the accused would be sentenced on the three indictments as for one offense. He then repaired to the courtroom and, when the accused was arraigned for sentence, applied "for permission for the defendant to withdraw the plea of *non vult* and restore the plea of not guilty" to the indictments in question, and asked the judge "to either fix a date for an oral hearing to take testimony or for permission to file affidavits or depositions in support of the motion." Counsel then stated that he had "made representations" to defendant which he deemed "well founded," and defendant "accepted them as such," but "feels that he is entitled to his day in court and requests a trial of the charges against him."

The assistant prosecutor in charge replied that the pleas had been understandingly tendered, after consultation by defendant with his counsel subsequent to the return of the

verdict of guilty on the indictment tried; whereupon defendant's counsel suggested that it was defendant's absolute right to withdraw the pleas, before sentence, "where justice loses nothing by granting a man his day in court." Counsel continued: "We come here before sentence and we say to the court that we entered a plea mistakenly or improvidently or otherwise, and we would like our day in court." The judge said: "You don't give me any facts, Mr. Palmieri." And the response was: "Well, I can't quote the facts. I purposely said to your Honor that we would like to be given an opportunity, as your Honor may direct, to either have oral testimony before this court, or by affidavit, if you so direct, or by deposition." In reply to a question by the judge, counsel conceded that no "assurances" were given by the court that "the indictments would be treated as one offense." The motion was then denied, and sentence imposed.

There is no contention on the brief that the prosecutor gave any such "assurances"; the prosecutor vehemently denies that he agreed to recommend sentence as for a single offense.

The points made are: (a) a motion to withdraw a plea of *nolo contendere,* made before sentence, is "one of absolute right," save when the State "can show the defendant is endeavoring to perpetrate a fraud upon the court"; and (b) if it involves the exercise of discretion, there was an abuse of discretion here, in that the State would not be prejudiced by the withdrawal of the pleas, and the court refused to allow defendant "sufficient time to present" the reasons "by the various methods suggested." This although counsel had refused to state the reasons. We quote from the brief: "The court was fully appraised (*sic*) of the situation as far as circumstances permitted, and the court was told that counsel could not quote the facts for reasons not a part of the record and which, therefore, cannot be made known now." Counsel speaks vaguely of the need to subpoena "involuntary" witnesses.

It is argued that under *Rule* 2:7–10(*e*), a motion to withdraw a plea before sentence is "a matter of right,"

but after sentence "is addressed to the discretion of the court, to correct manifest injustice." But the rule is not so framed. It provides that a motion to withdraw "a plea of guilty, or of *nolo contendere*, or of *non vult*, may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea as provided by law."

Under the rule, such a motion to plead *de novo* may be made by the accused only before sentence, but, as has been the case from the earliest times, the motion invokes sound judicial discretion, to serve the ends of essential justice; and under the old practice the exercise of this judicial discretion was not appealable. *Clark v. State*, 57 *N. J. L.* 489 (*Sup. Ct.* 1895), affirmed 58 *N. J. L.* 383 (*E. & A.* 1895). The federal rule, the genesis of ours, and similar in terms, is given the same import. *Goo v. United States*, 187 *F. 2d* 62 (*Ct. App.* 9, 1951), *certiorari* denied, 341 *U. S.* 916, 71 *S. Ct.* 735, 95 *L. Ed.* 1351 (1951).

There is no essential difference in this regard between a plea of guilty and a plea of *nolo contendere*. *State v. Perkins*, 129 *Me.* 477, 149 *A.* 148 (*Sup. Jud. Ct.* 1930); *Commonwealth v. Marino*, 254 *Mass.* 533, 150 *N. E.* 841 (*Sup. Jud. Ct.* 1926); *In re Lanni*, 47 *R. I.* 158, 131 *A.* 52 (*Sup. Ct.* 1925); *State v. Page*, 112 *Vt.* 326, 24 *A. 2d* 346 (*Sup. Ct.* 1942). The ancient plea of *nolo contendere* or *non vult contendere*, allowable only by leave of court, constitutes a formal declaration by the accused that he will not contest the indictment. *State v. Martin*, 92 *N. J. L.* 436, 17 *A. L. R.* 1090 (*E. & A.* 1919). It raises no issue of law or of fact under the indictment, but it is taken as an implied confession of guilt and, for the purposes of the particular case only, the equivalent of a plea of guilty. While the plea does not create an estoppel, it entails all the consequences of a plea of guilty for the purposes of the case. *State v. Henson*, 66 *N. J. L.* 601 (*E. & A.* 1901); *Schireson v. State Board of Medical Examiners*, 130 *N. J. L.* 570 (*E.*

& A. 1943); *Kravis v. Hock,* 136 *N. J. L.* 161 (*E. & A.* 1947); *United States v. Norris,* 281 *U. S.* 619, 50 *S. Ct.* 424, 74 *L. Ed.* 1076 (1930); *Tucker v. United States,* 196 *F.* 260, 41 *L. R. A.* (*N. S.*) 70 (*C. C. A.* 7, 1912). It has the same legal effect as a plea of guilty so far as sentence is concerned. *United States v. Hartwell,* 3 *Cliff.* 221, 26 *Fed. Cas. No.* 15,318 (*C. C. D. Mass.* 1869). Like a demurrer, the plea admits, for the purposes of the case, all the facts which are well pleaded, but is not to be used as an admission elsewhere, or available as an estoppel in a civil action. *Commonwealth v. Tilton,* 8 *Metc., Mass.,* 232 (*Sup. Jud. Ct.* 1844); *Commonwealth v. Horton,* 9 *Pick., Mass.,* 206 (*Sup. Jud. Ct.* 1829); *Olszewski v. Goldberg,* 223 *Mass.* 27, 111 *N. E.* 404 (*Sup. Jud. Ct.* 1916); *Hudson v. United States,* 272 *U. S.* 451, 47 *S. Ct.* 127, 71 *L. Ed.* 347 (1926). If accepted, the plea cannot be withdrawn and a plea of not guilty entered except by leave of court; and this in its very nature involves the exercise of judicial discretion, unless made a matter of absolute right by overriding legislative authority. *State v. Silverman,* 116 *N. J. L.* 242 (*E. & A.* 1935); *Tucker v. U. S.,* 196 *F.* 260, 41 *L. R. A.* (*N. S.*) 71 (*C. C. A.* 7, 1912).

But an arbitrary refusal to permit the accused to plead anew, in disregard of the dictates of essential justice, constitutes an abuse of discretion that is remediable on appeal. So far as the record here discloses, the plea of *nolo contendere* was made deliberately and understandingly, without coercion or undue pressure; and the denial of leave to plead *de novo* did not constitute an infringement of the accused's constitutional right of trial by jury. There was no showing of a promise by the prosecutor to recommend a sentence as for one offense. And there was no intimation, not even the faintest, of a defense on the merits. In the course of a plea for leniency in sentence, following the denial of leave to plead anew, counsel said: "He stood trial. We were defendants. We were also involved in other cases. We did not take the stand as an informer. We did not take the stand and turn State's evidence upon any promise or hope

of reward of any kind. We stood our ground, and we were found guilty." The presentation made by counsel afforded no basis whatever for the inquiry which he demanded; the judge asked for the "facts," and none were forthcoming to support the request for a further hearing on the motion. A motion shall state the "grounds upon which it is made." *Rule* 2:12–3. There was silence under circumstances calling for candor and the utmost good faith. So far as appears, the motion was a mere maneuver not related to the merits, designed to control the sentence. But be that as it may, it was incumbent upon the accused to make a full and frank disclosure of the circumstances in support of his demand for a hearing, and, having refused to divulge, the adverse action was within the court's discretion. Disappointment with the sentence in prospect is not a valid ground to plead again, and this is all that can be devined from the record.

Judgment affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—None.