THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. STANLEY RADOWITZ, DEFENDANT-APPELLANT.

Submitted April 23, 1956—Decided April 30, 1956.

The defendant-appellant, Stanley Radowitz, submitted a brief *pro se.*

*Mr. Charles S. Joelson,* Deputy Attorney-General, Acting Prosecutor, Passaic County, and *Mr. Archibald Kreiger,* Deputy Attorney-General, Acting Assistant Prosecutor, submitted a brief on behalf of the State.

PER CURIAM. The appeal is taken as of right, ostensibly pursuant to *Article* VI, *Section* V, *paragraph* 1(*a*), of the 1947 Constitution, from a unanimous judgment of the Appellate Division of the Superior Court affirming a judgment of the Passaic County Court dismissing a writ of *habeas corpus* for the discharge of appellant from confinement in the State Prison under judgments of conviction entered March 19, 1948, in the Passaic County Court, on pleas of

*nolo contendere* to five indictments charging breaking, entering, larceny and receiving, breaking and entering with intent to steal, and possession of burglar tools.

As stated by the Appellate Division in its deliverance, the petition for the writ, presented May 18, 1955, asserted the denial of due process in that appellant was "detained seven weeks prior to his arraignment"; he was "denied equal protection of the laws because of hostile action on the part of the prosecutor"; he was "denied his constitutional rights in that counsel were not assigned to him at the time he pleaded *non vult* to these indictments or at the time he was sentenced." Appellant was represented by competent counsel assigned for the purpose; and testimony was taken on all three issues raised.

The Appellate Division concluded:

"In the light of that testimony we agree with the trial court that there is no merit in any of these contentions. Radowitz was detained by the police nearly six weeks before he was brought into the presence of a magistrate; however except for one day in this period, he was in a hospital, having been shot three or four times at the scene of an attempted burglary. The seriousness of his injuries furnishes a satisfactory explanation for the six weeks' delay. Shortly thereafter he was arraigned. He claims he was denied counsel with family, friends or counsel while in the hospital. But the State's testimony that no one was excluded and that he could have communicated with others is more persuasive. At the time of his arraignment he was asked by the assistant prosecutor in charge of the case whether he wanted counsel, and he replied 'No.' He was alert and 'court-wise.'"

We concur in these findings. The points made are palpably insubstantial, plainly and unmistakably devoid of merit, and so there is not a real and substantial constitutional question giving rise to an appeal of right, and the appeal is accordingly dismissed. *State v. Pometti*, 12 *N. J.* 446 (1953).

Dismissed.

*For dismissal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, JACOBS and BRENNAN—6.

*Opposed*—None.