## State of Vermont v. Ronald Rich

[316 A.2d 523]

No. 192-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*Kimberly B. Cheney,* Attorney General and *William O. Wuester,* Assistant Attorney General, for the State.

*Langrock & Sperry,* Middlebury, for Defendant.

**Shangraw, C.J.** The defendant, Ronald Rich, pleaded guilty in the District Court of Vermont, Franklin Circuit, to three traffic violations, his seventh, eighth, and ninth, since the effective date of 23 V.S.A. § 673(a), the "habitual offender" statute. The statute directs the Commissioner of Motor Vehicles to impose a two-year license suspension upon any person who has been convicted of eight moving traffic violations within a five year period. The defendant was convicted of the above offenses in July, September, and November of 1972. In August, 1973, he moved to set aside these convictions on the basis that he was not aware of the full consequences of his pleas, and they were therefore involuntary. His motions were denied and he has now appealed to this Court.

█  It appears from the record that for at least two of the above offenses, the defendant was given Uniform Traffic Tickets. On the instruction side of these tickets, the following language, in eight-point type, is enclosed within a red-bordered box:

> If you admit you have committed a traffic offense or are judged to have committed the offense, you will be liable to a fine, and, in addition, your operator's license or privilege to operate a motor vehicle or your certificate of registration and number plate are subject to suspension and revocation as prescribed by law.

And, directly above the line designated for the defendant's signature on the face of the traffic ticket is the sentence: "I have examined a copy of the schedule of fines and license suspension." "The Traffic Offense Schedule of Fines and License Suspensions" reads, in part, as follows:

### MAXIMUM LICENSE SUSPENSION

> The maximum license suspension time for all offenses is thirty (30) days, EXCEPT:
>
> effective since April 1, 1970, if eight (8) or more moving violations are committed within a five (5) year period, the Commissioner of Motor Vehicles shall revoke the violator's license for two (2) years.

On the first offense, a charge of exceeding the speed limit, the defendant appeared in the District Court of Vermont, Franklin Circuit. At the time of the hearing on the defendant's Motion to Withdraw Guilty Pleas, the court stated that it always advised respondents, at the opening of each session, that there was a possibility of collateral license suspension by reason of a conviction for a traffic offense. There is no evidence on the record to indicate that the defendant did not receive such an admonishment at the time he pleaded guilty.

On the facts of this case, we conclude that the defendant received adequate notice as to the consequences of his guilty pleas. The warnings on the Uniform Traffic Ticket were clear, and the record indicates that defendant was cognizant of the suspension provisions of the law.

█ Moreover, withdrawal of a guilty plea is not a matter of right, but is within the sound discretion of the court. *In re Newton*, 125 Vt. 453, 218 A.2d 394 (1966); *State* v. *Page*, 112 Vt. 326, 332, 24 A.2d 346 (1942). The burden, then, is on the defendant to show that the court abused its discretion in denying the Motion to Withdraw. No such showing has been made.

*Judgment affirmed.*